KOLB et al. v. MORTIMER et al.

(Supreme Court, Appellate Division, First Department.   December 30, 1909.)

1. PLEADING (§ 22*)—"IRRELEVANT" ALLEGATIONS.

Irrelevant allegations are those which have no substantial relation to the controversy and which cannot affect the result, and the test of any allegation is whether it tends to constitute a cause of action or a defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 45; Dec. Dig. § 22.*

For other definitions, see Words and Phrases, vol. 4, pp. 3771, 3772.]

2. PLEADING (§§ 22, 364*)—REDUNDANT MATTER—MATTERS OF EVIDENCE.

Statements of the legal conclusions of the pleader are redundant and should be stricken out, as should also statements of mere matter of evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 45, 1156–1162; Dec. Dig. §§ 22, 364.*]

3. PLEADING (§ 364*)—IRRELEVANT AND REDUNDANT MATTER—STRIKING OUT—"PERSON AGGRIEVED THEREBY."

The necessity of answering irrelevant and redundant matter makes a defendant, when moving to strike out the same, a "person aggrieved thereby" within Code Civ. Proc. § 545, providing that such matter may be stricken out on motion of a person aggrieved thereby.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*

For other definitions, see Words and Phrases, vol. 1, pp. 271–273; vol. 8, p. 7569.]

4. CORPORATIONS (§ 320*)—STOCKHOLDER'S ACTION—COMPLAINT—REQUISITES.

A complaint by stockholders to recover from directors damages for illegal acts, whereby the assets of the corporation have been lost or wasted, should allege the cause of action in favor of the corporation in the same manner as would be proper if the corporation brought the action, and also the facts entitling plaintiff to maintain the action in place of the corporation, that he is a stockholder therein, and that the corporation has either refused or unreasonably failed to bring the action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1433, 1434; Dec. Dig. § 320.*]

5. CORPORATIONS (§ 320*)—ACTION BY STOCKHOLDERS—IRRELEVANT MATTER.

In an action by stockholders of two corporations to recover from directors damages for dissipation of corporate assets, allegations that one of the corporations was incorporated by the other, and was owned and controlled by it, were irrelevant, and should be stricken out on motion, since one corporation cannot incorporate another.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1433, 1434; Dec. Dig. § 320.*]

6. CORPORATIONS (§ 320*)—ACTION BY STOCKHOLDERS—IRRELEVANT MATTER.

In an action by stockholders to recover from directors damages for dissipation of corporate assets, allegations of the respective sums which plaintiffs paid for their stock were irrelevant.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1433–1434; Dec. Dig. § 320.*]

Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by Valentine Kolb and another against Morton L. Mortimer and others.   From an order denying a motion to strike out allegations

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

from the complaint, defendants appeal. Reversed, and motion granted to extent stated in opinion.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred T. Davison, for appellants.
Edwin R. Leavitt, for respondents.

SCOTT, J. Appeal from an order denying defendants' motion to strike out certain parts of the complaint as irrelevant and redundant. The general principles which should (but seldom do) determine the form of a complaint are well understood. The fundamental rule is that prescribed by section 481, Code Civ. Proc., that a complaint must contain "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition." Section 545 provides that "irrelevant, redundant or scandalous matter contained in a pleading may be stricken out upon motion of a person aggrieved thereby." Irrelevant allegations are those which have no substantial relation to the controversy between the parties and which cannot affect the result, and the test of any allegation is to inquire whether it tends to constitute a cause of action or a defense. Park & Sons Co. v. Nat. Druggists Ass'n, 30 App. Div. 508, 52 N. Y. Supp. 475; Dunton v. Hagerman, 18 App. Div. 146, 46 N. Y. Supp. 758. Statements of the legal conclusions of the pleader are redundant and should be stricken out, as should also statements of mere matters of evidence. Somewhat more latitude is of necessity given in equity suits than in actions at law, but even in equity the rules of pleading should be measurably enforced. Matter may be inserted which appeals to the equitable conscience of the court, subject, however, to the limitation that the matter so pleaded must be germane to the issues, or have some relation to them, and must not raise an alien issue or confuse the real issue. Bradley v. Sweeny, 120 App. Div. 315, 105 N. Y. Supp. 296; Hamilton v. Hamilton, 124 App. Div. 619, 109 N. Y. Supp. 221; Chittenden v. San Domingo Improvement Co., 125 App. Div. 855, 110 N. Y. Supp. 148.

The necessity of answering irrelevant and redundant matter brings a defendant, when moving to strike out the same, within the meaning of section 545 of the Code of Civil Procedure as "a person aggrieved thereby." Hamilton v. Hamilton, supra. Turning now to the complaint in the present case, we find that it attempts to set forth a cause of action by two stockholders of the Metropolitan Underwriting Company and the Columbia Life Assurance Society, suing in behalf of themselves and other stockholders similarly situated. The purpose of the action is to recover from the individual defendants, directors of one or other of the above named corporations, damages for certain alleged illegal acts, whereby the assets of said corporations have been lost or wasted. What such a complaint should contain has been distinctly set forth by the Court of Appeals. It should allege, first, the cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation itself had brought the action; sec-

ond, the facts which entitle the plaintiff to maintain the action in place of the corporation, that he is a stockholder therein, and that the corporation itself has either refused or unreasonably failed to bring the action. Ordinarily no other allegations are necessary or material. Kavanaugh v. Commonwealth Trust Company, 181 N. Y. 121, 73 N. E. 562. The third and fourth paragraphs of the complaint allege that the Columbia Life Assurance Society was incorporated by the Metropolitan Underwriting Company, and that said Assurance Society was caused to be incorporated by said Underwriting Company and owned and controlled by it. These allegations strictly speaking cannot be true, for one corporation cannot incorporate another, and, if true in any sense, are irrelevant. They should therefore be stricken out.

The allegations in the twenty-first and twenty-second paragraphs of the respective sums which plaintiffs paid for their stock, and the allegations in the forty-ninth, fiftieth, and fifty-first paragraphs, as to the special damages alleged to have been suffered by plaintiffs and other stockholders, are irrelevant and must be stricken out. Kavanaugh v. Commonwealth Trust Co., supra. Paragraphs 10 to 17, inclusive, and 18 to 23, inclusive, are irrelevant, and should be stricken out. They relate to the details of a foreclosure action, which is not and cannot be collaterally attacked in this action. Paragraph 30 is also irrelevant, as alleging no fact, but merely the opinion of the pleader. All that it is necessary to allege on the subject is contained in the following paragraph. Paragraphs 34 to 37, inclusive, are irrelevant, and should be stricken out. They contain the history of a foreclosure suit in which the real property mentioned in the complaint was sold before any defendant had to do with it. If it should be necessary or proper to show what it then sold for, this can be done without pleading the history of the suit in detail. Of course, it could only be proper or material, upon a showing that some of the defendants knew of the price bid on the sale, which is not alleged. So much of paragraph 48 as sets forth the sources of plaintiffs information and belief as to certain matters is irrelevant, and must be stricken out. The foregoing comprise the most obviously irrelevant allegations of the complaint, which, even as thus pruned, is far from a model pleading. There are other allegations which should perhaps, if the rules of pleading were strictly applied, be stricken out. To do so, however, might embarrass the plaintiff in making proof in what is evidently a somewhat complicated case.

The order appealed from must be reversed, and the motion to strike out granted to the extent indicated above without costs to either party, with leave to plaintiff to serve an amended complaint within 20 days.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur. CLARKE, J., dissents.