MICHAEL P. MURPHY, Respondent, *v.* NATIONAL CITY BANK OF NEW YORK, Appellant.

First Department, December 1, 1922.

Guaranty — action to recover on guaranty of payment of indebtedness of third person — allegations of motive inducing execution of guaranty by defendant are immaterial and will be stricken out — said allegations cannot be pleaded in anticipation of defense of Statute of Frauds.

In an action to recover on a guaranty of the payment of the debt of a third person allegations in the complaint purporting to show the motive or reason for the execution of the guaranty are immaterial and will be stricken out on motion by the defendant.

The plaintiff could not plead said allegations for the purpose of meeting an anticipated defense of the Statute of Frauds.

Appeal by the defendant, National City Bank of New York, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of October, 1922, as denies in part defendant's motion to strike out certain allegations of the complaint.

*Shearman & Sterling* [*John A. Garver* of counsel; *Carl A. Mead* with him on the brief], for the appellant.

*Larkin, Rathbone & Perry* [*Albert Stickney* of counsel], for the respondent.

Page, J.:

The plaintiff sues to recover $244,602.18 due to his assignor, Koppel Industrial Car and Equipment Company, on an alleged guaranty by the defendant of an indebtedness of Rafael Pena, a citizen of Cuba.

The complaint alleged that the Koppel Industrial Car and Equipment Company, hereinafter designated as the Koppel Company, during the years 1920 and 1921 sold to Pena and one Domingo Leon, both citizens of Cuba, certain rails, locomotives and other railway equipment for use in the production and export of sugar crops grown by them on their plantations, under notarial contracts, whereby and pursuant to the laws of Cuba the title remained in the seller until full payment of the purchase price. Default having been made by the purchasers, the defendant requested the Koppel Company not to enforce its right of repossession and sale, and in consideration of its forbearance it is alleged the defendant promised to pay the indebtedness of Pena and Leon. Paragraph 3 of the complaint alleges that the defendant was financially interested in various mills, plantations and sugar companies in Cuba, and that it made investments there and loans to Cuban planters, both directly and indirectly, through agencies controlled by the defendant, aggregating $40,000,000, besides large sums which it had loaned or caused to be loaned to Pena and Leon; that the defendant caused to be organized and incorporated one or more corporations, the stock of which was held by it or its dummies for its account, whose operations were directed and financed by the defendant, and the purpose of which was to enable the defendant to control the production and financing of the export and sale of the sugar crops in Cuba, to manage or assist in the management of the properties and plantations of the various persons and corporations in Cuba indebted to the defendant, and thereby to secure payment to itself of its loans; that the defendant stated to the Koppel Company that the sugar crop could not be produced or sold to advantage without the use of the railway equipment delivered to the Cuban

planters by manufacturers in the United States, of which railway equipment said manufacturers, including the Koppel Company, were in a position to repossess themselves. In the beginning of the 4th paragraph of the complaint it is alleged that " pursuant to a general policy which it adopted with such manufacturers of equipment essential to the operation of the Cuban plantations and mills " the defendant requested the Koppel Company not to repossess itself of the equipment sold to Pena and Leon.

The court at Special Term granted the defendant's motion in so far as to strike out the allegations of the complaint with relation to Leon, but denied the motion to strike out the 3d paragraph and so much of the 4th as is included within the quotation marks above.

The plaintiff's cause of action is for a breach of a contract of guaranty, to which the allegation of the 3d paragraph and that portion of the 4th above indicated has no relevancy or materiality. The most that could be claimed for those allegations is that they tended to show a motive for the defendant to have given the guaranty, which is entirely immaterial.

" Irrelevant allegations are those which have no substantial relation to the controversy between the parties and which cannot affect the result, and the test of any allegation is to inquire whether it tends to constitute a cause of action or a defense." ( *Kolb* v. *Mortimer*, 135 App. Div. 542, 543.)

The Civil Practice Act requires that " Every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved." (§ 241.)

This, taken with section 255: " The complaint must contain: 1. The title of the action, specifying the name of the court in which it is brought; if it is brought in the Supreme Court, the name of the county which the plaintiff designates as the place of trial; and the names of all the parties to the action, plaintiff and defendant.

" 2. A statement of each cause of action.

" 3. A demand of the judgment to which the plaintiff supposes himself entitled."

demonstrates that although there has been a change of phraseology, there has been no change in the rule of Code pleading, that the complaint must contain "A plain and concise statement of the facts constituting each cause of action without unnecessary repetition." (Code Civ. Proc. § 481.) The purpose of this requirement " is that the defendant may be definitely informed of the facts constituting the cause of action, not alone that he may plead, but that he may prepare intelligently for trial and not be subjected to surprise by a claim of some unforeseen construction put upon

obscure allegations of pleading at the trial." (*Heaphy* v. *Eidlitz,* 197 App. Div. 455, 458.) Also that he may not be forced to deny immaterial allegations in the complaint and thus create immaterial collateral issues or assume the risk of ignoring what he may have deemed immaterial and be confronted at the trial with an unintentional admission.

The plaintiff contends that he is entitled to set forth these facts as a reply to an anticipated defense of the Statute of Frauds.

The statement of facts to meet an anticipated defense has no proper place in the complaint. If the defendant sets up such a defense and obtains an order for a reply, these facts can then be set forth, and if not, they can be proved under the implied general denial. The plaintiff cites cases in which the court has refused to strike out allegations that were immaterial, either on the ground that they were pleaded to give color, or were contained in an answer, on the ground that the adverse party was not thereby aggrieved. Such allegations in a complaint are much more prejudicial than they are in the statement of facts constituting a defense. A plaintiff is not required to plead to the defense, as the allegations therein are deemed denied. A defendant, however, is aggrieved by being put to the necessity of answering immaterial allegations not merely introductory to the statement of the cause of action. (*Kolb* v. *Mortimer, supra,* 544; *Cleminshaw* v. *Coon,* 136 App. Div. 160, 162; *Symington* v. *Haxton,* 195 id. 85, 86.) The court at Special Term should have granted the motion in its entirety.

The order so far as appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.