CHARLES E. KILLINGBECK and GEORGE RIDDOCH, Plaintiffs, *v.* GARMENT CENTER CAPITOL, INC., Defendant.

First Department, June 7, 1940.

*David I. Ashe* of counsel [*Frankle, Ashe & Rifkin,* attorneys], for the plaintiffs.

*Walter Gordon Merritt* of counsel [*Henry Clifton, Jr., Martin J. Coughlin* and *Sidney J. Norton* with him on the brief; *McLanahan, Merritt & Ingraham,* attorneys], for the defendant.

UNTERMYER, J. The controversy is submitted upon facts stipulated between the parties pursuant to sections 546–548 of the Civil Practice Act.

The defendant owns and operates three loft buildings in the city of New York. It employs elevator operators, porters, watchmen, mechanics, engineers, carpenters, supervisors and clerks to service and maintain its buildings. These employees are hired, paid and controlled by the defendant and subject to discharge only by the defendant. The defendant leases its premises to various manufacturers of ladies' garments, most of whom import raw materials from other States and ship finished garments throughout the United States.

The plaintiffs are former building service employees of the defendant. The plaintiff Killingbeck was employed by the defendant as a watchman; the plaintiff Riddoch as a carpenter. As a watchman it was Killingbeck's duty to maintain regular watch at night and on Sundays and holidays in one of the defendant's buildings. He patroled the corridors, stairs, basement, machine room, roof and tank house of the building. He was not permitted to enter the tenants' premises except in cases of emergency, such as a fire or flood, in which event it would be his duty to procure the key from the night supervisor. The plaintiff Riddoch performed the work of general carpentry incident to the maintenance and operation of the defendants' three buildings. He would erect walls and partitions, install doors and attend to various details in the preparation of premises for new tenants. He would also make minor repairs to the premises when repair was necessary upon the order and under the direction of the defendant. Neither plaintiff in the discharge of his duty had any physical contact with the raw materials nor the materials in process of manufacture or the finished product of the tenants. The only relation between the defendant and the manufacturers within the building was that of landlord and tenant. The defendant had no interest in the profits, corporate structure or capital stock of any tenant.

The plaintiffs seek to recover wages for overtime and liquidated damages pursuant to subdivision (a) of section 7 and subdivision (b) of section 16 of the Fair Labor Standards Act of 1938.* It is their contention that, as watchman and carpenter in the employ of the defendant, they were engaged " in the production of goods for commerce " within subdivision (a) of section 6 and subdivision (a) of section 7 of the act. It is conceded by the defendant that if they fall within the purview of the act they are entitled to recover. It is likewise conceded by the plaintiffs that if they do not, judgment must be directed for the defendant. The controversy is thus resolved into the single question whether the plaintiffs were " engaged in commerce or in the production of goods for commerce " within the meaning of sections 6 and 7 of the Fair Labor Standards Act.

Section 3 defines " commerce " as follows:

" (b) ' Commerce ' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof."

That section also contains the following definition of the term " produced."

---

* See U. S. Code, tit. 29, chap. 8.— [REP.

" (j) ' Produced ' means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this act an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State."

It is manifest, and, indeed, appears not to be disputed, that the plaintiffs, a watchman and a carpenter employed in connection with the operation of the defendant's loft building, were not engaged " in producing, manufacturing, mining, handling, transporting, or in any other manner working on " the goods destined for interstate commerce by the tenants who occupied portions of the defendant's premises, but it is contended that they were engaged in a " process or occupation necessary to the production thereof." That contention cannot be sustained without subjecting to the provisions of the act industry which is plainly intrastate in character and without engendering doubts, to be avoided, if possible, concerning the validity of the law. (*Missouri Pacific R. R. Co.* v. *Boone*, 270 U. S. 466; *Schieffelin* v. *Goldsmith*, 253 id. 243.) For, if the act applies to a watchman and a carpenter employed in the defendant's building as persons engaged in a " process or occupation necessary to the production " by the tenants of the building of goods for commerce, then it must apply equally to the manufacturer of the tools used in his work by the carpenter or of a time clock maintained by the defendant to be used by the watchman in the course of his patrol, since these are no less " necessary to the production " of the goods manufactured by the tenants of the building than the employees themselves.

We think the statute does not include such employees when they are not the employees of a manufacturer who is engaged in interstate commerce. Concededly the statute would include those employees of a manufacturer who produced the goods. It may include a watchman or a carpenter employed by the manufacturer, even though such employees are not directly engaged in production of the goods, because they may be said to be employed in an " occupation necessary to the production thereof." (*Jacobs* v. *Coppersmith & Sons, Inc.* [U. S. D. C., E. D. of N. C.], Jan. 30, 1940.)* We would encounter insuperable difficulties, however, and would distort the statute if we should apply it to employees of others than the manufacturer, having so remote and indirect a relation to the production of the goods as the watchman and the carpenter employed by a landlord a portion of whose premises have, perhaps fortuitously, been rented to tenants engaged in interstate commerce. (*New*

* No opinion for publication.—[Rep.

*Amsterdam Casualty Co.* v. *State Industrial Commission,* 80 Okla 7; 193 P. 974; *Rogers* v. *Glazer,* 32 F. Supp. 990; Wage and Hour Reporter, April 22, 1940, p. 158.) Such employees are not engaged " in any process or occupation necessary to the production " of goods destined for interstate commerce but in an occupation which may, perhaps, be necessary in the operation of a building wherein the goods are produced.

Judgment should, accordingly, be directed in favor of the defendant, but without costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and DORE, JJ., concur.

Judgment unanimously directed in favor of the defendant, without costs. Settle order on notice.