PETER J. DOYLE, Plaintiff, *v.* JOHNSON BROS., INC., Defendant.

City Court of New York, Special Term, Kings County, May 17, 1941.

*Irving Sohon*, for the plaintiff.

*Lewis, Marks & Kanter*, for the defendant.

LIVINGSTON, J. In an action brought under the Fair Labor Standards Act (U. S. Code, tit. 29, § 201 *et seq.*) the defendant has moved to dismiss the complaint under subdivision 5 of rule 106 of the Rules of Civil Practice or in the alternative to strike out certain portions of the complaint pursuant to rule 103.

The complaint alleges that the defendant was engaged in the business of buying, manufacturing and selling lumber and lumber products; that substantially all of its lumber was shipped to defendant's lumber yard from points outside of the State of New York; that part of the lumber and lumber products were milled and otherwise processed by the defendant and together with unfinished and finished lumber products was thereafter sold, shipped and transported by the defendant to various points outside of the State of New York. The complaint further alleges that the plaintiff was employed as a night watchman and yard worker; that his duties were to guard and protect the lumber, to open the gates of the lumber yard to permit egress and ingress of defendant's vans and trucks, to act as fireman tending the furnace so as to keep the mill and garage properly heated and to water the lumber yard.

The motion to dismiss the complaint is made on the ground that plaintiff's duties were not such as to bring him within the purview of the Fair Labor Standards Act.

Of course, on a motion of this kind, every material allegation of the complaint and every inference which can fairly and legitimately be drawn therefrom is deemed admitted. (*Wainwright & Page* v. *Burr & McAuley*, 272 N. Y. 130; *Dyer* v. *Broadway Central Bank*, 252 id. 430.)

The question now presents itself as to whether a person performing the duties as alleged by the plaintiff in his complaint meets the requirements set forth in the act.

Subsection (j) of section 3 of the act provides a comprehensive definition of those engaged in the production of goods for commerce. It is expressly stated that " for the purpose of this act an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting or in any other manner working on such goods, or in any process or occupation necessary to the production thereof, in any State." (U. S. Code, tit. 29, § 203, subsec. [j].)

In the opinion of the court the words " in any process or occupation necessary to the production thereof " are sufficiently broad to include any employee who in any manner whatsoever contributes to the finished product. Any other construction would lead to a situation where the importance of the employee's contribution to the finished product would be the determining factor.

In both *Hart* v. *Gregory* (218 N. C 184; 10 S. E. [2d] 644) and *Wood* v. *Central Sand & Gravel Co.* (33 F. Supp. 40) the courts have held that a watchman comes within the purview of the statute.

In the case of *Pickett* v. *Union Terminal Co.* (33 F. Supp. 244) it was held that red caps employed in a railroad terminal at a station serving interstate and intrastate passengers, were entitled to the benefits of this act.

This court is aware of the decision in the case of *Rogers* v. *Glazer* (32 F. Supp. 990) where a contrary view was adopted, but respectfully differs therefrom. It is the opinion of this court that the better rule is enunciated in the other cases cited *supra*.

Although the problem presented by the instant case has not been passed upon by the courts of this State in any reported case, the decision in *Killingbeck* v. *Garment Center Capitol, Inc.* (259 App. Div. 691; motions for leave to appeal denied, Id. 1076 and 284 N. Y. 818), is illuminating. In that case the defendant owned and operated three loft buildings in New York city. It employed elevator operators, porters and watchmen. It leased lofts in its buildings to various manufacturers of ladies' garments, who were engaged in interstate commence. Plaintiff, an employee of the defendant, claimed he was entitled to the benefits of the Fair Labor Standards Act. The court rendered judgment for the defendant, but made this statement (at p. 693): " Concededly the statute would include those employees of a manufacturer who produced the goods. It may include a watchman or a carpenter employed by the manufacturer, even though such employees are not directly engaged in production of the goods, because they may be said to be employed in an ' occupation necessary to the production thereof.' "

That branch of the motion, therefore, which asks for a dismissal of the complaint under subdivision 5 of rule 106 of the Rules of Civil Practice must be denied.

That part of the motion asking for relief under rule 103 is disposed of as follows: Granted as to paragraph " fifth " and the last sentence of paragraph " sixth." (See 3 Carmody's New York Practice, § 1033; *Kolb* v. *Mortimer*, 135 App. Div. 542; *Schroeder* v. *Young*, 49 id. 640.) Granted as to paragraphs " fourth " and " eighth " unless the word " discharge " is deleted wherever it appears in each of those paragraphs. In addition, paragraph " eighth " is to state the number of hours plaintiff claims he worked, his wages per hour, the alleged overtime worked and the amount plaintiff contends he is entitled to receive.

An amended complaint is to be served within five days. Settle order.