## MILAM v. TEXAS SPRING & WHEEL CO., Inc.

### No. 3939.

Court of Civil Appeals of Texas. Beaumont.

Dec. 31, 1941.

David E. O'Fiel and D. Hubert O'Fiel, both of Beaumont, for appellant.

Lipscomb & Lipscomb, of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was by appellant, Robert L Milam, against appellee, Texas Spring & Wheel Company, Inc., for damages and attorney's fees alleged to be within the provisions of Section 201 et seq. of Title 29 United States Code Annotated—"Fair Labor Standards Act" of 1938, hereinafter referred to as the Act. Appellant prosecuted his appeal from the judgment of the lower court in favor of appellee, on the verdict of a jury rendered on instructions of the court. Appellee makes the following statement in its brief of the issue presented by the appeal: "There is, in effect, only one controverted issue for the court to decide in this case, viz., whether the appellant, admittedly engaged by appellee as a night watchman over a period of many months, comes within the terms of the Federal Fair Labor Standards Act." On this statement, appellee makes the point that appellant "was not engaged in 'commerce' within the meaning of the Fair Labor Standards Act, but was employed solely as a watchman to guard the premises of his employer."

The facts, from appellant's standpoint, are as follows: Appellee actually sold some of its products in states other than Texas. Appellant was employed by appellee in the capacity of a night watchman, to watch its premises where its products, sold in interstate commerce, were manufactured. His wages were less than those prescribed by the Act. Generally, he was on the job about twelve hours per day. Mr. Tortoris, in charge of appellee's business, lived across the street from its principal place of business, the place where appellant performed his services as night watchman. When it was necessary for Mr. Tortoris to answer telephone calls after appellee's place of business was closed for the night, appellant would take the calls and report them at once to Mr. Tortoris. Occasionally, appellant, while discharging his duties as a night watchman, took orders over the telephone for appellee.

On the facts, as we have summarized them, appellant was entitled to the benefits of the Act. Lefevers v. General Export Iron & Metal Co., D.C., 36 F.Supp. 838, 839. In that case the night watchman was permitted to recover simply on the ground that he performed the duties of a night watchman, and nothing else. Writing the opinion, District Judge Allred said:

"I am of the opinion that a night watchman, performing the usual services as such, guarding and protecting goods processed or produced for shipment in commerce, while they are being processed or produced, or thereafter while awaiting shipment in transportation, thereby facilitates such commerce and is entitled to the benefits of the act. I do not think that he needs necessarily actually and personally to assist in the processing and preparation of such goods. His services in guarding, caring for and protecting such commodities are as essential to the commerce as perhaps any other part played by individual workmen.

"It is as necessary to the production of goods in commerce, especially upon the large scale shown by this record, that they be safeguarded and ready for the actual work done upon them as it is that an engine should be fired and ready for service when the regular workmen present themselves, as in one of the cases cited above. To hold otherwise does not give the Fair Labor Standards Act the liberal interpretation to which it is entitled."

But in the case at bar, appellant performed other duties in addition to his duties of a night watchman, bringing himself clearly within the doctrine announced by Wood v. Central Sand & Gravel Co., D.C., 33 F.Supp. 40; Hart v. Gregory, 218 N.C. 184, 10 S.E.2d 644, 645, 130 A.L.R. 265; Doyle v. Johnson Bros., 176 Misc. 656, 28 N.Y.S.2d 452.

It follows that the judgment of the lower court should be reversed and the cause remanded for a new trial, and it is accordingly so ordered.

Reversed and remanded.