JOSEPH DAMELIO, Plaintiff, *v.* MICHAEL MACHI, Defendant.

Supreme Court, Special Term, Kings County, July 26, 1948.

*George I. Swetlow* for defendant.

*Sidney H. Gittleson* for plaintiff.

MURPHY, J. This is a motion under rule 103 of the Rules of Civil Practice for an order requiring the plaintiff to serve an amended complaint herein which will omit certain portions of paragraph seventh and paragraph eighth in its entirety of the original complaint on the ground that said allegations are unnecessary, irrelevant, and will tend to be prejudicial to the defendant at the trial of the action.

The part of paragraph seventh which is objected to reads as follows: " That said injuries and damages were caused solely through the negligence of the defendant * * * in that the defendant violated the provisions of subdivision 5a of section 70 of the Vehicle and Traffic Law of the State of New York, by leaving the scene of the accident without reporting and without stopping to exhibit his license and to furnish his name, full address and license number to the injured person, making it necessary for the police to apprehend said defendant some distance from the accident. * * * "

Paragraph eighth, which is objected to in its entirety, alleges: " That on or about February 19th, 1948 the defendant was found guilty of leaving the scene of the accident without reporting at the time and place of the aforementioned occurrence, in violation of subdivision 5a of Section 70 of the Vehicle and Traffic Law of the State of New York, before a Court of Special Sessions held by a City Magistrate in the Vehicle and Traffic Court in the Borough of Brooklyn, City of New York."

Subdivision 5-a of section 70 of the Vehicle and Traffic Law reads as follows: " 5-a. Leaving scene of accident without reporting. * * * Any person operating a motor vehicle or motor cycle who, *knowing that injury has been caused to a person,* due to the culpability of the person operating such motor vehicle or motor cycle, or to accident, leaves the place of said injury or accident, without stopping, exhibiting his license and giving his name, residence, including street and street number, and license number, to the injured party and also to a police

officer, or in case no police officer is in the vicinity of the place of said injury or accident, then reporting as soon as physically able the same to the nearest police station or judicial officer, is guilty of a misdemeanor." (Italics supplied.)

It is the opinion of this court that the fact that the defendant was found guilty of violating the provisions of the foregoing statute would be of no probative force on the trial of this action, and might well be unduly prejudicial to the defendant. The Court of Special Sessions did not find the defendant guilty of negligence. It found him guilty of leaving the scene of the accident without reporting at the time and place of the accident. He was found guilty of doing something which followed the accident. It is entirely unlike those cases where the defendant has been found guilty of speeding before an accident, or passing a red light just before an accident, or passing a standing trolley car illegally prior to the accident. In each of these incidents the defendant's conduct might well have probative force in determining his negligence. Such incidents should be distinguished from the conduct of the defendant in the instant case, which took place subsequent to the accident complained of.

The plaintiff in his argument and brief puts emphasis on that part of the section 70 which reads " due to the culpability of the person operating such motor vehicle ". There are significant and meaningful words which follow this language. They are: " or to accident ". In other words, a person may be found guilty of violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law, when the accident is (a) due to his culpability or (b) due to accident. An accident may occur due to no one's negligence; the real cause of it may not even be traceable. So a defendant might be found guilty of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law, without having been guilty of negligence.

Motion granted in all respects.