ARTHUR GLUCK, Respondent, v. CAROL PICKEL et al., Appellants.

MEMORANDUM BY THE COURT. The order should be modified to strike paragraphs 6, 7, 8, 9, 10 and 12 of the complaint, with $10 costs and disbursements to appellants and, as so modified, affirmed, with leave to respondent to replead. It is not apparent that the allegations of those paragraphs are relevant to the cause of action stated and they are at most evidentiary. They should, therefore, be stricken under rule 103 of the Rules of Civil Practice, although upon the trial the matter contained therein may become material and relevant to establish respondent's cause of action and be admitted into evidence.

Cox, J. (dissenting). Application is made to strike certain paragraphs of the complaint and to make the allegations in other paragraphs more definite and certain. The substance of the paragraphs sought to be stricken concern a suit for separation instituted by the plaintiff's wife against plaintiff and subsequently withdrawn. The paragraphs dealing with plaintiff's assets are sufficiently stated.

This is an action in equity for an accounting. Plaintiff alleges that his wife and one Carol Pickel and the corporation which she controls entered into a conspiracy to deprive plaintiff, who at the time was an incompetent person, of his property. The action for separation and its subsequent withdrawal, together with the appointment of a receiver in that separation action, is all part of the scheme as alleged by plaintiff. Not only are the paragraphs sought to be stricken proper, but are necessary in order for plaintiff to establish his case.

Accordingly, the order of Special Term should be affirmed.

Peck, P. J., Breitel and Bergan, JJ., concur in decision; Cox, J., dissents and votes to affirm in opinion, in which Bastow, J., concurs.

Order modified so as to grant defendants' motion to the extent of striking paragraphs 6, 7, 8, 9, 10 and 12 of the complaint and, as so modified, affirmed, with $10 costs and disbursements to the appellants, with leave to the respondent to replead. [See 1 A D 2d 766.]