Matthew M. Levy, J.
The action is for personal injuries resulting to the plaintiff, a sidewalk pedestrian, who was struck by a motor vehicle operated by the defendant. Paragraph Fourth of the complaint reads: ‘ ‘ That said defendant failed to stop and identify himself at the scene of the accident, and was thereafter convicted in the Court of Special -Sessions of the City of New York for such act.”
Presumably, the conviction referred to was under section 600 of the Vehicle and Traffic Law (formerly Vehicle and Traffic Law of 1929, § 70, subd. 5-a) which provides that any person operating a motor vehicle ‘ ‘ who, knowing that injury has been caused to a person, due to the culpability of the person operating such motor vehicle * * * or to accident, leaves the place of said injury or accident, without stopping ” and giving certain specified information as to himself and his vehicle, is guilty of a misdemeanor.
Invoking rule 103 of the Rules of Civil Practice, the defendant moves to strike the paragraph as unnecessary, irrelevant and prejudicial. I am of the opinion that the application should be granted, notwithstanding the recognized precept, relied upon by the plaintiff, that ‘1 [m] otions to strike out parts of a pleading as unecessary and improper are not favored and will be denied unless the court can clearly see that the allegations sought to be struck out have no possible bearing on the subject matter of the litigation” (Riesenberger v. Sullivan, 1 A D 2d 1050, 1051).
Indeed, perhaps stronger general judicial statements in support of the plaintiff’s contention might well have been cited by him — for example, that the “ mere fact that matter is irrelevant * * * is not sufficient * * * ; it must also appear on the face of the pleading that if it is allowed to *1059 remain it will harm the moving party” (Wayte v. Bowker Chem. Co., 196 App. Div. 665, 666-667); that the moving party must show that it is not only improper but that he is aggrieved by its inclusion (Cleminshaw v. Coon, 136 App. Div. 160, 162-163; Nasmie Constr. Co. v. Quasman, 215 App. Div. 724; Muller v. McCormick, 272 App. Div. 1027); that “ [wjhere under any possible circumstances evidence of the facts pleaded * * * have any bearing on the subject-matter of the litigation ”, they will not be stricken (Gerseta Corp. v. Silk Assn. of America, 220 App. Div. 302, 305; Giessler v. Accurate Brass Co., 271 App. Div. 980); that a motion to strike parts of a complaint as irrelevant will not be granted 11 unless it clearly appears that the allegations attacked have no possible bearing on the subject matter of the litigation ” and that substantial prejudice to the defendant will result if the allegations objected to are not stricken (Vice v. Kinnear, 15 A D 2d 619-620; Manco Distr. v. Bigelow-Sanford Carpet Co., 11 A D 2d 1088; Walker v. Sheldon, 12 A D 2d 456; Reichbach v. Reichbach, 3 A D 2d 725).
On the other hand, if general principles are to be deemed satisfactory and effective guidelines for the proper determination of the present application, the defendants could have cited Murphy v. National City Bank of N. Y. (203 App. Div. 571) where it was held that a party should not be compelled to litigate immaterial issues, hence matter in any pleading which has no substantial relation to the subject matter of the action may be stricken on motion; Isaacs v. Washougal Clothing Co. (233 App. Div. 568, 571) where the court said that the ultimate facts must be alleged “ and not the evidence by which [the pleader] expects to prove his cause of action ”; d’Espinay v. Gilchrist (282 App. Div. 662) in which the court in substance held that where the allegations objected to have no possible relevancy and when they can be stricken without causing prejudice to the pleader while the movant may be saved prejudice thereby, the motion to strike should be granted; Reichbach v. Reichbach (3 A D 2d 725, supra) where the court said that ‘ ‘ allegations contained in said paragraphs are wholly irrelevant to [plaintiff’s] cause of action and would tend to prejudice ” defendant and should be stricken; or other cases of similar import.
But general principles, as such, cannot resolve the issue now before me. It is their applicability to the present situation that governs. There still remains for determination the question whether what is pleaded is “evidentiary”, “ irrelevant ”, “immaterial”, “prejudicial”. I recognize that, even if a *1060 motion to strike an allegation were not made before trial* unnecessary and immaterial matter may properly be disregarded by the Trial Justice (Neftel v. Lightstone, 77 N. Y. 96, 99). Moreover, “the refusal [of the court] to strike an allegation is not an adjudication as to its materiality and does not constitute a decision that evidence under it would be competent or have an effect upon the trial” (Riesenberger v. Sullivan, 1 A D 2d 1050, 1051, supra). Per contra, although evidentiary matter may be stricken from the complaint under rule 103, such matter may nevertheless “be received in evidence upon the trial if found material and relevant to the plaintiff’s alleged cause of action” (Ward v. Smallwood, 12 A D 2d 916, 917; Gluck v. Pickel, 286 App. Div. 1071).
Section 241 of the Civil Practice Act provides that “ [e]very pleading shall contain a plain and concise statement of the material facts * * * on which the party pleading relies, but not the evidence by which they are to be proved ”. As I see it, however, — while evidentiary the offending paragraph clearly is — the key to the critical solution here is not whether the allegation attacked should be stricken as evidentiary, but whether it is relevant. In Knibbs v. Wagner (14 A D 2d 987) the court held that an allegation that defendant pleaded guilty to a charge of driving while intoxicated, resulting in the accident sued upon, although evidentiary in character, is not irrelevant or prejudicial, since proof of the conviction will be admissible, and therefore the allegtion should not be stricken. In Ando v. Woodberry (8 N Y 2d 165) the matter of the admissibility in a negligence case of the fact that the defendant had pleaded guilty to a charge of failing to make a proper turn and failing to signal before turning (in respect of the accident in suit) was considered, and Judge Fuld, writing for the court, held that the conviction involved a question of negligence and the plea of guilt was an admission, and that it was therefore provable.
But as I view it, that is not the same as the present issue. A conviction for leaving the scene after the happening of an accident has no bearing upon whether the defendant was guilty of negligence in causing the accident, and therefore it is not relevant to the issues in the case. Leaving the scene of the accident is an event which occurs subsequent to the accident, and though in itself it may be a violation of law, it would have nothing to do with the question of whether the defendant’s negligence resulted in the accident. The court did not find the defendant guilty of negligence. It found him guilty of leaving *1061 the scene of — that is to say, of doing something wrong following — the accident.
It is true that, under certain circumstances, leaving the scene of an accident suggests, possibly, a flight from wrongdoing as to the accident itself; yet this does not necessarily follow, for conviction under the section of the Vehicle and Traffic Law here involved — as pointed out by the late Mr. Justice Murphy in Damelio v. Machi (192 Misc. 298) when at Special Term— can be had where violation of the section is proved, even in the absence of any culpability. Obviously, the statute is not intended to cover only those situations where the fleeing driver happens to have been negligent.
I hold, therefore, that the allegation of conviction here is not one concerning the defendant’s guilt of negligence, that it would he of no probative force and that it would unduly prejudice the defendant were the allegation permitted to remain in the complaint. The requirement that the defendant answer the allegation or not, depending upon whether or not ho considers it material (Civ. Prae. Act, § 261, subd. 1), is a risk that should not be imposed upon him. Even the proffer of proof of the conviction before a jury, in this civil negligence suit, may, in certain circumstances, impair the right of the defendant to a fair trial (cf. Walther v. News Syndicate Co., 276 App. Div. 169, 175).
Accordingly, the motion is granted striking paragraph Fourth from the complaint, and the complaint is deemed so amended. The defendant may answer within 20 days after service of a copy of the order, with notice of entry.