COSMO REITANO et al., Appellants, *v.* CHARLES DOBBS, Respondent.

First Department, December 10, 1968.

*Bernard Meyerson* for appellants.

*Mark A. Lombardi* of counsel (*Flood & Purvin,* attorneys), for respondent.

STEUER, J. In this personal injury action arising out of a collision between automobiles, the plaintiffs assert several rea-

sons why the verdict of the jury in favor of the defendant should be set aside. We find that none of them requires that to be done.

The first claimed error is based on a sentence in the charge quoted in the dissenting opinion. The appellants contend that this was an instruction to the effect that if the driver of the automobile in which the plaintiffs were passengers was contributorily negligent, negligence would bar recovery to the passengers. A careful reading of the quoted passage reveals that the court did not go to that extent. It is quite true that the instruction was unfortunately phrased and the interpretation claimed could well have been made. However, as the dissent concedes, the proposition had been adequately and properly explained in the main body of the charge. Had plaintiffs' counsel been fearful of the effect of the later ambiguous instruction, it was his duty to call it to the attention of the court for either explanation or correction. This obvious corrective measure was not taken either by exception or request.

The second claimed error by the court was sustaining the objection to the question asked of defendant on cross-examination whether he had ever been convicted of a crime. Concededly the crime about which counsel made inquiry was a conviction for leaving the scene of the accident in question. For two reasons the exclusion of the evidence of conviction did not constitute error. The conviction was for something that occurred after the happening of the accident and hence could have no bearing on the occurrence of the accident itself. It would therefore not be a subject of affirmative proof (*Damelio* v. *Machi,* 192 Misc. 298) and its introduction before the jury could have no purpose other than the production of a prejudiced atmosphere (*Margos* v. *Gonzales,* 34 Misc 2d 1058). Secondly, the only legitimate purpose of the inquiry was to impugn the credibility of the witness. But, as the dissent points out, there was no issue as to the facts of the accident. The version of events given by both sides was in accord. The only question for the jury was whether these events indicated a failure to exercise the requisite degree of care on defendant's part. There being no issue of credibility, the error, if any, in excluding a question addressed solely to credibility was harmless.

The substantial question in the case is whether the verdict based on virtual agreement as to what took place was against the weight of evidence. Concededly the collision occurred on an unlighted two-lane road on a dark and rainy evening. An unusual number of cars were proceeding in the opposite lane, that is, the lane in which plaintiffs' car was moving. Defendant was negotiating a slight curve at a lawful rate of speed. He was

seeking to keep as far from the approaching headlights as the way permitted. In so doing he allowed his right front wheel to strike the shoulder, with a temporary loss of control from which the collision resulted. Unless we are prepared to say that this could not have happened to a driver exercising reasonable prudence, the jury's conclusion that the defendant was not negligent must stand. It is not the consequence of conduct that determines whether it is negligent. The law does not require a standard of care that will preclude an untoward result. Unless reasonable minds could not differ as to whether these facts show an actionable divergence from the standard of reasonable care, the jury's verdict is unassailable.

The judgment should be affirmed with costs.

CAPOZZOLI, J. (dissenting). This is an action to recover damages for personal injuries sustained by plaintiffs-appellants when the automobile in which they were riding, as passengers, was struck by an automobile which was being operated by the defendant on the wrong side of a two-lane highway. The facts in this case are not in dispute and defendant-respondent, in his brief, concedes that " there was no sharp issue of fact for the jury to consider ".

The accident occurred at about 9:30 in the evening on June 23, 1962. It was raining heavily at the time, the traffic was moderate to heavy in both directions. Route 6 is a concrete road. Visibility conditions were poor, as there was no artificial illumination on the road. At the point of the accident the road curved to the right and to the immediate right of the roadway there was a dirt shoulder and guardrail. The speed limit along Route 6 was 50 miles per hour, except for a small portion of the road which encompassed the accident site, where the limit was 30 miles an hour, all of which the defendant admitted knowing, having travelled on that road many times.

Plaintiffs' automobile was traveling in a westerly direction. Defendant was driving in an easterly direction and, at the trial, he admitted that, as he was making this turn on the curve, his right wheels went off the edge of the road, onto the dirt soft shoulder and he lost control of the car so that it hit the guardrail and then, attempting to turn it back onto the pavement, he partly entered the lane in which plaintiffs' vehicle was moving and struck same. Perhaps it is best at this point to quote the defendant's own language, as it appears at pp. 176–177 of the record: " As I was making this turn, this curve, my right wheels got off the edge of the road, hit the soft shoulder, the dirt, and at that time I lost control of the car and it turned and glanced

off the guard rail on the right-hand side of the road and I turned the wheel to get back onto the road and that was the time I—my front left fender of the car crossed over the center line, and while I was turning back to get in my own lane, that's the time I struck the other car." Again, at p. 189, the defendant said: " I lost control when the wheel went off the road and into the soft shoulder ". Later, on the same page, he testified that he became panicky.

The defendant did not stop after the accident and left the scene without exchanging credentials.

The court below, recognizing a violation of the law of the road by defendant, in his failure to keep his vehicle on his own side, charged the jury as follows: " Violation of the law of the road is competent on the question of due care. Now, that calls upon the defendant to counter that presumption. He must give you a reasonable excuse for being on the wrong side of the road. * * * If you find that the excuse was not reasonable, then the mere fact that the car was on the wrong side of the road is a presumption of negligence."

A reading of the record fails to show any reasonable excuse by the defendant for failure to keep his vehicle under control. In addition, since the plaintiffs were passengers in a car driven by another, the court properly charged: " these passengers did nothing to contribute to the happening of the accident."

Unfortunately, despite this instruction to the jury, later in its charge, just before the jury retired to deliberate, the court instructed the jury as follows: " if, under the law, the plaintiffs have not proven their case by a fair preponderance of the credible evidence, and if the driver, the plaintiff-driver, had not proven that he was free from contributory negligence, then no matter how slight or badly he and they were injured, they would not be entitled to recover." This was error, because, even if the jury found that the driver of the plaintiffs' vehicle was negligent, the plaintiffs passengers could still recover if the defendant was in any way negligent so as to contribute to the happening of the accident. While it is true that there was no exception noted by the plaintiffs' counsel, and no request made to correct the last quoted portion of the charge, nevertheless, under the circumstances of this case, where the negligence of the defendant is so clear, the error is such a fundamental one that a reversal and a new trial should be ordered in the interests of justice.

Also, it is to be noted that, in the course of the defendant's cross-examination by plaintiffs' counsel, defendant was asked, at p. 189, the following question: " Q. Mr. Dobbs, were you ever

convicted of a crime?'' An objection by defendant's counsel to this question was sustained by the court. The ruling was error. This was a perfectly proper question as it would tend to attack the credibility of the witness if the answer was in the affirmative. (See *Ando* v. *Woodberry,* 8 N Y 2d 165; *Knibbs* v. *Wagner,* 14 A D 2d 987.)

Under the circumstances, it is my opinion that the defendant was clearly guilty of negligence and the verdict of the jury was completely unjust. (*Kress* v. *Siegel,* 16 A D 2d 978; *Bouchard* v. *Sinaguglia,* 16 A D 2d 1030.) The verdict should be set aside because it plainly appears that the evidence so preponderates in favor of the plaintiffs that the verdict for the defendant could not have been reached on any fair interpretation of the evidence.

Therefore, I vote to reverse and grant a new trial.

BOTEIN, P. J., and EAGER, J., concur with STEUER, J.; CAPOZZOLI, J., dissents in opinion, in which McNALLY, J., concurs.

Judgment affirmed, with $50 costs and disbursements to respondent.