■ BRENDA WHITE, Respondent, v ALICE MOLINARI et al., Appellants.—Judgment, Supreme Court, Bronx County (Thomas A. Facille, J.), entered July 27, 1988, upon a jury verdict in favor of the plaintiff and against defendants in the amount of $385,000, which found that defendants Boyle and Molinari were 80% negligent and defendants DV Leasing and Hughes were 20% negligent, unanimously reversed, on the law and the facts, and a new trial ordered, without costs.

On the evening of July 6, 1985, plaintiff was involved in a three-vehicle accident on Bruckner Boulevard in the Bronx,

when a double-parked van, owned by defendant DV Leasing and operated by defendant Hughes, pulled out suddenly into traffic, causing her to quickly apply her brakes. Whereupon, her vehicle was hit in the rear by an automobile owned by defendant Molinari and operated by defendant Boyle and pushed forward into the van. Among other injuries, plaintiff claimed a herniated disk.

We reverse and order a new trial, because the trial court admitted, over objection, evidence of defendant Boyle's license suspension, although it was uncontested that the reason for the suspension was his failure to have his vehicle inspected. Moreover, plaintiff's attorney was erroneously permitted, again over objection, to cross-examine Mr. Boyle about the citation he received for disorderly conduct for arguing with a police officer who responded to the scene of the accident, and his subsequent failure to appear in court to answer such charge. In the first instance, the license suspension was clearly irrelevant to the issues of negligence and proximate cause, and in the second instance, the defendant's conduct after the accident was, similarly, a collateral and irrelevant issue. Despite plaintiff's contention that they bore on the issue of his credibility, these improper lines of inquiry could have had no purpose other than to prejudicially influence the jurors on the issue of defendant Boyle's percentage of fault. *(See, Reitano v Dobbs,* 31 AD2d 104, *affd* 25 NY2d 612.)

Although academic in light of our reversal, we note that the trial took place approximately six months prior to the decisions of the Court of Appeals in *McDougald v Garber* (73 NY2d 246) and *Nussbaum v Gibstein* (73 NY2d 912), which held that, in assessing damages, loss of enjoyment of life was not to be considered separately from conscious pain and suffering. In the present case, however, there was no separate line in the interrogatories provided for the jury to make a separate award of damages for loss of enjoyment of life, although counsel for the plaintiff argued in summation for such a result. There also was no objection to counsel's argument or the court's charge on the subject, which, in any event, was not contrary to the holdings in *McDougald (supra)* and *Nussbaum (supra).*

We have examined the defendants' other contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.