THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNETTE CABAN, Appellant. [857 NYS2d 118]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered April 28, 2005, convicting defendant, after a jury trial, of criminally negligent homicide, and sentencing her to a term of 1 to 3 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The subject incident occurred when defendant was backing up her Jeep Grand Cherokee along the west side of Third Avenue, moving south (the wrong way on a one-way thoroughfare) toward the intersection with East 107th Street. As defendant moved the Jeep, against a red light, into the pedestrian right-of-way at the northwest corner of Third Avenue and East 107th Street, the vehicle struck an elderly pedestrian who had been crossing Third Avenue heading west. The impact threw the pedestrian through the air and onto the asphalt, resulting in fatal injuries. The People's expert estimated that the Jeep was moving in the range of 13 to 19 miles per hour when it struck the pedestrian. At the time, the Jeep's rear passenger-side window was missing and had been replaced with a taped black plastic bag, thereby reducing visibility in the direction from which the pedestrian had been approaching.

The evidence of the foregoing facts presented at trial was sufficient to support the verdict convicting defendant of criminally negligent homicide (Penal Law § 125.10), given that the jury could rationally conclude that it had been proven, beyond a reasonable doubt, that defendant's failure to perceive the risk of death created by her conduct "constitute[d] a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]; *see People v Boutin*, 75 NY2d 692, 695-696 [1990]). In addition, the verdict comported with the weight of the evidence.

A new trial is required, however, based on the trial court's erroneous admission into evidence, on the People's case, of testimony by an employee of the Department of Motor Vehicles to the effect that, at the time of the incident, defendant's driver's license was suspended. Contrary to the People's arguments, the suspension of defendant's license had no relevance to the case; it was neither a background fact necessary to explain the situation to the jury, nor was it probative of whether defendant "gross[ly] deviat[ed] from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]). Even in a personal injury action arising from a motor vehicle accident, this Court has held that a defendant's "license suspension was clearly irrelevant to the issues of negligence and proximate cause" and "could have had no purpose other than to prejudicially influence the jurors" (*White v Molinari*, 160 AD2d 302, 303 [1990]). This principle would have at least equal applicability in a criminal case, where the standard is proof beyond a reasonable doubt. We note that, since defendant was not charged with having intended to cause the victim's death (which no one claimed was the case), but with having failed to use due care to avoid an unintended result, the People's argument that the license suspension "tended to disprove [defendant's] claim of mistake or accident" is a non sequitur. Further, under the circumstances, the admission of the evidence of the license suspension was sufficiently prejudicial to constitute reversible error (*see People v Resek*, 3 NY3d 385, 389 [2004] [admission of evidence of uncharged crime was reversible error where "the prejudice to defendant outweighed the probative value of the evidence"]). In view of the foregoing, we need not reach defendant's remaining arguments. Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ.