THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNETTE CABAN, Appellant. [910 NYS2d 432]—

Upon remittitur from the Court of Appeals (14 NY3d 369 [2010]) for consideration of issues now appropriate for this Court's review, judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered April 28, 2005, convicting defendant, after a jury trial, of criminally negligent homicide, and sentencing her to a term of 1 to 3 years, unanimously reversed, on the law, and the matter remanded for a new trial.

On a prior appeal (51 AD3d 455 [2008]), this Court ordered a new trial based on an evidentiary issue, and the Court of Appeals reversed this Court's order. In the Court of Appeals, defendant raised a new issue under *People v O'Rama* (78 NY2d

270 [1991]), and that Court remitted the case for our consideration of that issue, as well as any other issues now appropriate for our review. Upon consideration of the *O'Rama* claim, we again reach the conclusion that defendant is entitled to a new trial.

During deliberations, the jury sent four notes containing substantive questions on such matters as the order in which it was to consider the counts, the meaning of recklessness, the difference between recklessness and negligence, the limitation on the use of defendant's license suspension as evidence, and whether it was to evaluate the risk of defendant's conduct with regard to other people or only with regard to the victim. The court did not read any of these notes into the record in the presence of counsel before recalling the jury to the courtroom and responding to the notes. Nor does the record indicate that the court informed counsel about the contents of the notes or gave the parties any opportunity for input into the court's proposed responses. The court did not read either of the first two notes into the record, verbatim or otherwise, at any time.

The court did not satisfy its core obligation pursuant to CPL 310.30 to give meaningful notice to counsel following substantive juror inquiries (*see People v Lewis*, 77 AD3d 579 [2010]; *People v Tabb*, 13 NY3d 852 [2009]; *People v Kisoon*, 8 NY3d 129, 135 [2007]; *People v O'Rama*, 78 NY2d at 277). While "some departures from the procedures outlined in *O'Rama* may be subject to rules of preservation" (*Kisoon*, 8 NY3d at 135; *see also People v Donoso*, 78 AD3d 129 [2010]), a failure to fulfill the court's core responsibility is a mode of proceedings error that is exempt from preservation requirements and requires reversal as a matter of law (*compare e.g. People v Ramirez*, 15 NY3d 824 [2010]; *People v Kadarko*, 14 NY3d 426 [2010]).

With the possible exception of the third note in question, there is no evidence in the record to support an inference, or even an intimation, that the court revealed the notes to counsel in unrecorded colloquies (*compare People v Fishon*, 47 AD3d 591 [2008], *lv denied* 10 NY3d 958 [2008] [record demonstrated existence of unrecorded colloquy concerning note]), and the People's argument in this regard is conjectural. Moreover, there is evidence tending to negate such an inference.

In light of this result, we need not reach defendant's remaining contention. Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ.