OPINION OF THE COURT
Chief Judge Wachtler.
The main issue presented on this appeal is whether the absence of the trial judge from the courtroom for a portion of the jury’s deliberations, during which time they were supervised by the judge’s law secretary with the defendant’s consent, constitutes a denial of the right to jury trial. We conclude that it does, and therefore reverse the order of the Appellate Division affirming the conviction and order a new trial.
The defendant was charged with conspiracy and criminal sale of a controlled substance in the first degree. At the trial, the People elicited legally sufficient proof to support the jury’s verdict of guilty of both counts. However, on the second day of jury deliberations, the trial judge reported that he had "a very bad throat and very bad cold”. He remained in the courtroom, but, with the consent of the parties, the court reporter and the judge’s law secretary reread portions of the testimony and the charge in response to requests from the jury. That afternoon, the jury announced that they had found the defendant guilty of conspiracy, but the trial judge did not accept the verdict.
The morning of the third day of deliberations, the trial judge again appeared, but it was his law secretary who reread the instructions on reasonable doubt with the parties’ consent. The judge then left. That afternoon, in chambers, the law secretary noted that he had received a number of notes from the jury, had conferred with the trial judge and would answer the first of the notes, court exhibit 14. After a discussion of another note, court exhibit 13, the law secretary indicated that he had also received two other notes, court exhibits 15 and 16, which he had not discussed with the trial judge.
Both counsel consented to the answering of court exhibit 14 by the law secretary, which was done. Another note, court exhibit 17, was then answered in a similar fashion, after which the jury was discharged for lunch. When they returned, the law secretary related to counsel the trial judge’s response to an application that had been made to him by counsel over the telephone and recorded the fact that both counsel had *310 agreed to the procedure. Sometime thereafter, the jury reached a verdict of guilty on both counts, apparently without the benefit of having court exhibits 15 and 16 considered, ruled on and answered by the trial judge. Those notes had requested the rereading of considerable portions of the testimony and production of the laboratory report on the package containing in part the heroin defendant was alleged to have sold.
We find that the absence of the trial judge, and the delegation of some of his duties to his law secretary during a part of the jury’s deliberations, deprived the defendant of his right to a trial by jury, an integral component of which is the supervision of a judge. That defense counsel consented to this arrangement does not constitute either a failure to preserve a question of law for our review or a waiver. Generally, a defendant may not present a question of law to this court unless he has preserved it for review by timely objection in the trial court (CPL 470.35 [1]; 470.05 [2]; People v Patterson, 39 NY2d 288, affd sub nom. Patterson v New York, 432 US 197). However, we have long recognized that certain errors need not be preserved, and, even if consented to, they may still present a question of law (e.g., Cancemi v People, 18 NY 128, 137). More recently, such errors have been classified as those "that would affect the organization of the court or the mode of proceedings prescribed by law” (People v Patterson, 39 NY2d, at p 295, supra). They have been held to include trial before fewer than 12 jurors in a criminal case (Cancemi v People, supra), trial before a court not of competent jurisdiction (People v Bradner, 107 NY 1, 4-5), trial for an "infamous crime,” even where purportedly allowed by statute, upon an information (People ex rel. Battista v Christian, 249 NY 314), a court’s comment on the defendant’s failure to testify (People v McLucas, 15 NY2d 167), addition of a new count to an indictment after trial (People v Miles, 289 NY 360), an improper instruction on the burden of persuasion (People v Patterson, supra), violation of the right to counsel (People v Kinchen, 60 NY2d 772; People v Ermo, 47 NY2d 863) and violation of the ban on double jeopardy (People v Michael, 48 NY2d 1). The failure of a judge to retain control of deliberations, because of its impact on the constitutional guarantee of trial by jury, also implicates the organization of the court or the mode of proceedings prescribed by law (Cancemi v People, supra), and such failure presents a question of law for our review even absent timely objection.
*311 That we may review this contention is not the only obstacle to our consideration of the merits of defendant’s claim, for the People contend that, by his counsel’s consent to the procedure employed, he also waived whatever right he may have had to the presence of the trial judge during deliberations. Waiver and preservation are separate concepts (People v Iannone, 45 NY2d 589, 600), although they are often "inextricably intertwined” (People v Michael, 48 NY2d, at p 5, n 1, supra). Waiver connotes the intentional relinquishment or abandonment of a known right (Johnson v Zerbst, 304 US 458, 464-465). To insure that a waiver of the right to trial by jury meets this requirement, our statute provides, consistent with constitutional mandate (NY Const, art I, § 2), that it "must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court” (CPL 320.10 [2]; see also, 3 ABA Standards for Criminal Justice, Trial by Jury Standard 15-1.2 [b] and commentary). The defendant signed no such waiver in this case.
Reaching the merits, we conclude that the absence of the trial judge, and his allowing his law secretary to discharge some of his duties, though motivated by a commendable desire to avoid delay of the proceedings, deprived defendant of his right to a proper trial by jury. That right, conferred by our Constitution (art I, § 2),[1] has been properly interpreted as guaranteeing the right to trial by jury as it had existed at common law (Cancemi v People, 18 NY, at 135, supra; People v Silver, 240 App Div 259, 261). The drafters of our present Constitution understood that the procedure they would be maintaining[2] "can most accurately be described as the judge and jury system. This procedure provides for the removal of the case from the jury if no issue of fact is presented, the setting aside of a verdict if it is an unreasonable one, instructions to the jury on the law of the case, the sifting of evidence for the jury to consider, and the guidance of the jury in analyzing and weighing the evidence” (1938 New York State Constitutional Convention Committee, Problems Relating to Bill of Rights and General Welfare, at 7). Substantial judicial *312 authority has also concluded that the presence and active supervision of a judge constitute an integral component of the common-law right (e.g., Capital Traction Co. v Hof 174 US 1, 13 [" 'Trial by jury’, in the primary and usual sense of the term at the common law and in the American constitutions * * * is a trial by a jury of twelve * * * in the presence and under the superintendence of a judge”]; People v Parisi, 276 NY 97, 100 ["since the judge is a most important part of a court, it is his duty to be present throughout all proceedings relating to the trial”]; Freeman v United States, 227 F 732, 743-744, mot to mod mandate of reversal denied 237 F 815; People v Silver, supra; see generally, 1 Hale, Pleas of the Crown, at 33; Ann., 34 ALR2d 683). Here, by delegating his function, at least in part, tó his law secretary, the trial judge deprived the defendant of his right to a trial by jury.
United States v Pfingst (477 F2d 177, cert denied 412 US 941; see also, Rice v United States, 35 F2d 689, cert denied 281 US 730), relied upon by the People, is distinguishable. There, the trial judge, though absent for part of the deliberations, did not in any way relinquish control to his law clerk, and himself answered the one note sent by the jury during his absence. Indeed, the court concluded that "the procedure he followed in responding to the jury’s note was no different, except that it was slower, from the procedure he would have followed had he been physically present” (477 F2d, at p 196). Here, in contrast, the law secretary answered several questions, and at least two of the jury’s notes appear not to have been answered by or even called to the attention of the trial judge, which itself would constitute grounds for reversal (CPL 310.30; see, People v Almodovar, 62 NY2d 126, 131-132; People v Malloy, 55 NY2d 296, 302, cert denied 459 US 847; People v Gonzalez, 293 NY 259). Accordingly, the order appealed from should be reversed and a new trial ordered.
Judges Jasen, Meyer, Simons, Kaye, Alexander and Ti-tone concur.
Order reversed, etc.

. NY Constitution, article I, §2 provides in pertinent part: "Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever”.

. All previous Constitutions contained similar guarantees (see, 4 Lincoln, Constitutional History of New York, at 38 if; 1938 New York State Constitutional Convention Committee, Problems Relating to Bill of Rights and General Welfare, at 8).