Michael L. HALLMON, Appellant,

v.

UNITED STATES, Appellee.

No. 97–CM–402.

District of Columbia Court of Appeals.

Submitted Oct. 21, 1998.

Decided Nov. 12, 1998.

John W. Montgomery, appointed by the court, was on the brief for appellant.

Wilma A. Lewis, United States Attorney, and John R. Fisher, Mary–Patrice Brown, and Stefanie F. Roemer, Assistant United States Attorneys, were on the brief for appellee.

---

Before TERRY and SCHWELB, Associate Judges, and BELSON, Senior Judge.

TERRY, Associate Judge:

After a jury trial, appellant was convicted of threats to do bodily harm, in violation of D.C.Code § 22–507 (1996). The government's evidence showed that appellant was arrested for traffic violations after a high-speed chase in which he drove his car through a residential area for several blocks at a speed of almost ninety miles an hour. At the scene of the arrest, he said that if he were released from his handcuffs, he would "kick [a police officer's] ass." Later, at the police station, he declared that when he got out of jail, he would "come back and kill" the officer and his family. Appellant, testifying in his own defense, admitted that he had been loud and boisterous, and that during the ride to the police station he had been "hollering and screaming and ... cursing." He claimed, however, that the arresting officers had abused him, and he denied making any threats to kill either of the officers or their families.

Appellant's only contention on appeal is that the trial court committed reversible error by allowing the courtroom clerk to communicate directly with the jury during its deliberations. The case went to the jury late on a Monday afternoon. The following morning, shortly after 11:00 a.m., the jury sent out a note asking, "Can we have a copy of the jury instructions on the law?" Shortly thereafter, a note was sent back to the jury stating:

> To Jurors: No. However, any part of the instruction can be re-read to you in open court at your request.

The note was signed, "Clerk Powell for J. Hamilton." No further request was made by the jury, which returned a guilty verdict about an hour later. Appellant now contends that the sending of the note by the court-room clerk, rather than the judge herself, was "an assumption of judicial power by a non-judicial officer" [1] and was thus reversible error *per se*. We disagree and hold that, although there was error, it was harmless; accordingly, we affirm the conviction.

Appellant speculates that the clerk improperly assumed the judge's authority. Asserting that the clerk "presumed to act in [the judge's] stead," he maintains that "for a time, this trial was presided over by someone other than the presiding judge." The government, on the other hand, relying on the use of the word "for" in the signature ("Clerk Powell *for* J. Hamilton"), speculates that the clerk was acting "on behalf of" the judge when she wrote and sent the note to the jury. We reject both speculations because they are equally unsupported by the record. The plain fact is that the record simply does not reveal the reason why the clerk, rather than the judge, sent the note to the jury.

Regardless of the reason, it was improper for the clerk to respond directly to the jury's note, and the trial judge should not have allowed it. Communications with the jury during its deliberations are just as much a part of the trial as the voir dire or the examination of witnesses, and thus are subject to the strictures of Criminal Rule 43, which requires (with exceptions not relevant here) that the defendant be present "at every stage of the trial." [2] With respect to notes to and from the jury, this court has consistently held that "[a] defendant and his counsel have a right to be informed of all communications from the jury and to offer their reactions before the trial judge undertakes to respond." *(Michael) Smith v. United States,* 389 A.2d 1356, 1361 (D.C.1978) (citations omitted); *accord, e.g., (Charles) Smith v. United States,* 542 A.2d 823, 826 (D.C.1988). In this case, as in any case, "the jury's message should have been answered in open court, and [defense] counsel should have

1.  *See Nolde & Horst Co. v. Helvering,* 74 App.D.C. 204, 205 n. 3, 122 F.2d 41, 42 n. 3 (1941) (it is "a well-established rule that a judge cannot delegate his authority to another" (citation omitted)).

2.  Super. Ct.Crim. R. 43(a) provides:
    *Presence required.* The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.
    The remainder of the rule lists several exceptions to this general principle, but none of those exceptions apply to this case.

been given an opportunity to be heard before the trial judge responded." *Rogers v. United States,* 422 U.S. 35, 39, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975) (citations omitted).[3]

The case law also makes clear, however, that a violation of Rule 43, specifically with respect to communications to and from the jury, is subject to harmless error review. *See, e.g., Hazel v. United States,* 599 A.2d 38, 46 (D.C.1991); *(Charles) Smith,* 542 A.2d at 826; *(Michael) Smith,* 389 A.2d at 1361; *see also Rushen v. Spain,* 464 U.S. 114, 117–118, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) (finding harmless two unrecorded *ex parte* conversations between the judge and a single juror). We need not decide here whether to apply the constitutional harmless error standard of *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), or the less onerous non-constitutional standard of *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), because we are satisfied that the error here was harmless under either test.[4]

The government asserts that the note sent by the jury "did not concern a substantive matter at issue in the case"; rather, it "related only to a procedural matter which could not have affected the jury's deliberations." From this premise the government argues that a "non-substantive" violation of Rule 43 may be deemed harmless, at least in the absence of any showing of prejudice. There is some support in the case law for such an argument. *See, e.g., United States v. Love,* 134 F.3d 595, 604–605 (4th Cir.), *cert. denied,* — U.S. ——, 118 S.Ct. 2332, 141 L.Ed.2d 705 (1998); *United States v. Grant,* 52 F.3d 448, 449 (2d Cir.1995); *United States v. Harris,* 9 F.3d 493, 499 (6th Cir.1993); *United States ex rel. SEC v. Billingsley,* 766

F.2d 1015, 1021 (7th Cir.1985) (error held harmless when trial judge, without notice to defendant or his counsel, responded to jury note in a "neutral and nonsubstantive manner" and there was no likelihood of prejudice); *United States v. Pfingst,* 477 F.2d 177, 196–197 (2d Cir.) (judge's absence from courthouse when jury sent a note requesting reinstruction was not reversible error "without some showing of specific prejudice to a defendant"), *cert. denied,* 412 U.S. 941, 93 S.Ct. 2779, 37 L.Ed.2d 400 (1973); *State v. Allen,* 73 Ohio St.3d 626, 630, 653 N.E.2d 675, 682 (1995) ("if the communication is not 'substantive,' the error is harmless").[5]

In this case appellant has shown no prejudice, nor can we discern any from the record. The jury's note asked only for a written copy of the instructions,[6] and the clerk's response told the jury that "any part of the instruction" could be re-read in open court upon request. Since no such request was forthcoming, we fail to see how the clerk's response to the jury's note, even though it violated Rule 43, could have resulted in any prejudice to the defense. We therefore affirm appellant's conviction. At the same time, however, we reiterate that both the prosecution and the defense have the right not only to be informed of *any* communication from a deliberating jury, but also to offer their views before any response is made, whether orally or in writing. What happened here, though harmless in this instance, might well lead to reversal in some future case.

*Affirmed.*

---

**3.** The *Rogers* case arose under the corresponding federal rule, Fed. R.Crim. P. 43, which is identical to our local Rule 43 in all respects relevant to this case.

**4.** The government argues that appellant must establish plain error, since he did not object at trial to the clerk's sending the note to the jury. We reject this argument because the record makes clear that the defense did not learn of the note until some time after the jury rendered its verdict. We cannot require an objection by defense counsel as a prerequisite to appellate review when counsel was unaware of any reason to

object at the time an objection should normally have been made.

**5.** There is also case law going the other way. *E.g., Riley v. Deeds,* 56 F.3d 1117, 1122 (9th Cir.1995); *People v. Ahmed,* 66 N.Y.2d 307, 311–312, 487 N.E.2d 894, 896, 496 N.Y.S.2d 984, 986 (1985).

**6.** In the District of Columbia, "the decision to provide the jury with a copy of its instructions is clearly within the discretion of the trial court." *(Willie) Smith v. United States,* 454 A.2d 822, 826 (D.C.1983) (citations omitted).