[832 NE2d 1179, 799 NYS2d 763]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KELLY, Appellant.

Argued June 2, 2005; decided June 29, 2005

**POINTS OF COUNSEL**

*Center for Appellate Litigation,* New York City (*Abigail Everett* and *Robert S. Dean* of counsel), for appellant. The trial court—despite being on notice that the deliberating jurors had asked the court officer "to do something with the bayonet and sheath beyond the mere viewing of them"—abdicated its obligation to supervise jury deliberations when it simply instructed the jurors to "disregard" "any demonstrations by court officers in the jury room with the evidence," without responding, in the presence of defendant, to the jurors' original request to hold the exhibit and test it for themselves. (*People v Ahmed,* 66 NY2d 307; *Cancemi v People,* 18 NY 128; *People v Mehmedi,* 69 NY2d 759; *People v Bayes,* 78 NY2d 546; *People v Bonaparte,* 78 NY2d 26; *People v Torres,* 72 NY2d 1007; *People v Khalek,* 91 NY2d 838; *Allen v United States,* 164 US 492; *Snyder v Massachusetts,* 291 US 97; *People v Harris,* 76 NY2d 810.)

*Robert M. Morgenthau, District Attorney,* New York City (*Eleanor J. Ostrow* and *Hilary Hassler* of counsel), for respondent. The trial court did not abdicate its obligation to supervise the trial proceedings, and defendant's right to be present was not violated. (*People v Agramonte,* 87 NY2d 765; *People v Ahmed,* 66 NY2d 307; *People v Torres,* 72 NY2d 1007; *People v Khalek,* 91 NY2d 838; *People v Bonaparte,* 78 NY2d 26; *People v Gomez,* 273 AD2d 160; *People v Maragh,* 94 NY2d 569; *People v Cahill,* 2 NY3d 14; *People v Velasco,* 77 NY2d 469; *People v DeRosario,* 81 NY2d 801.)

**OPINION OF THE COURT**

ROSENBLATT, J.

While alone with the jury during deliberations, a court officer conducted an unauthorized demonstration on the weapon involved in a murder trial. Defendant argues that this amounted to a "mode of proceedings" error that can be raised on appeal, even though he did not preserve it. We disagree and affirm the Appellate Division order sustaining the conviction.

## I.

Defendant was charged with murder in the second degree for fatally stabbing his ex-girlfriend's father with a 12-inch-long bayonet. At trial, the jury heard conflicting accounts of the killing. The People claimed the stabbing was deliberate and unprovoked. Testifying on his own behalf, defendant claimed he was acting in self-defense after the deceased had seized the bayonet from a sheath hanging on defendant's belt. Accordingly, the trial court charged the jury on justification.

At the start of jury deliberations, the parties consented to allow trial exhibits to be given to the jurors whenever they asked for them. In response to a written request on the third day of deliberations, a court officer brought the bayonet and sheath into the jury room. The jurors wanted to handle the bayonet, but the court officer refused, out of concern for their safety. While in the jury room, however, he agreed to the jury's request that he place the bayonet in his waistband (as the defendant had worn it) and draw it from its sheath. The jurors watched the court officer conduct this demonstration and asked him whether the bayonet had slid out of the sheath easily. He replied that it had. All of this took place without the court's knowledge or approval.

When the court officer told the court what had happened, the court promptly advised both sides, and an off-the-record discussion ensued. After consulting with defendant, his counsel agreed that the appropriate recourse would be for the court to instruct the jury to disregard the court officer's demonstration. The court had the jurors return to the courtroom and, in wording that satisfied defendant, instructed them that "[a]ny demonstrations by court officers in the jury room, with the evidence, must be disregarded by you and must play no part whatsoever in your deliberations." The jury continued its deliberations and ultimately found defendant guilty of intentional murder.

Following sentencing, defendant made a CPL 440.10 motion to vacate the judgment because of the court officer's jury room demonstration. After holding an evidentiary hearing, the court denied the motion. It found that, by agreeing to the curative instruction, the defense had waived any issue as to the demonstration. The court further rejected defendant's contention that a mode of proceedings error had occurred.

Defendant appealed from the judgment of conviction and the order denying CPL 440.10 relief. The Appellate Division af-

firmed as to both, concluding that the court officer's refusal to let the jurors experiment with the bayonet was a ministerial act and that his conduct did not amount to a usurpation of the trial court's supervision of or control over the proceedings. The court also noted that the trial judge conferred with the parties about how to deal with the court officer's impropriety and that, instead of asking for a mistrial or even protesting the jury room demonstration, defendant opted for a curative instruction and the continuation of deliberations. A Judge of this Court granted defendant leave to appeal, and we now affirm.

## II.

Defendant argues that the court officer's conduct deprived him of his constitutional right to trial by jury, an integral component of which is supervision by a judge. He asserts that the court officer's unsupervised demonstration constituted an error that need not be preserved and cannot be waived (except by a defendant in writing, in the court's presence and with its approval). Further, defendant asserts that the court abdicated its supervisory responsibility when it instructed the jurors to disregard the court officer's demonstration.

Defendant relies principally on *People v Ahmed* (66 NY2d 307 [1985]). There, we held that a judge who delegated away an essential judicial function compromised the very organization of the court and the lawful mode of proceedings. The error in *Ahmed*, although unprotested, presented a question of law enabling this Court to review the claim.[1] Because the ailing trial judge directed his law secretary to answer questions posed by a deliberating jury, this Court reversed the conviction, even though Ahmed had consented to the procedure.

Ordinarily, preservation is essential to the exercise of this Court's jurisdiction, which is limited to the review of questions of law (NY Const, art VI, § 3 [a]; *see also* Karger, Powers of the New York Court of Appeals § 137, at 787 [3d ed]). Nevertheless, in a very narrow category of cases, we have recognized so-called "mode of proceedings" errors that go to the essential validity of the process and are so fundamental that the entire trial is ir-

---

1. By contrast, the Appellate Division has jurisdiction to review any unpreserved error in the interests of justice (*see* CPL 470.15 [1] [authorizing intermediate appellate courts to "consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant"]; *see e.g. People v Cona*, 49 NY2d 26 [1979]; *People v Robinson*, 36 NY2d 224 [1975]).

reparably tainted (*see generally People v Agramonte*, 87 NY2d 765, 770 [1996]). Errors within this tightly circumscribed class are immune from the requirement of preservation. Outside the context described by these cases, however, we have repeatedly held that a court's failure to adhere to a statutorily or constitutionally grounded procedural protection does not relieve the defendant of the obligation to protest.[2]

In contrast to *Ahmed*, there was no mode of proceedings error in the case before us. Here, the judge delegated nothing. The very opposite took place. The court officer's demonstration to the jury was unauthorized, and when learning of it, the court took hold of the proceedings and summoned the lawyers to discuss the options.

The People argue, correctly, that the case before us is far closer to *People v Bonaparte* (78 NY2d 26 [1991]) than it is to *Ahmed*. In *Bonaparte*, a court officer, directed by the trial court, told a deliberating jury that it would be sequestered and should stop deliberating. The court, however, failed to instruct the jurors not to deliberate while sequestered. We affirmed the conviction, concluding that the court officer's communication was ministerial and that the court's failure, unprotested, did not present an issue of law for the Court's review. The case before us argues even more strongly for affirmance. In *Bonaparte*, the court officer was acting based on authority given him by the court. Here, he was not.

The Appellate Division correctly rejected defendant's assertion that the court officer "usurped" the court's authority. *People v Khalek* (91 NY2d 838 [1997]), on which defendant relies, does not support his position. In *Khalek*, a court officer usurped the court's authority by telling the jury that it would have to be sequestered overnight even though it had reached a verdict. Because of the court officer's improper instruction, the

---

2. *See e.g. Pierson v People*, 79 NY 424 (1880) (involving a formal irregularity in drawing jurors); *People v Gray*, 86 NY2d 10 (1995) (allegation that prosecution failed to prove each element of the crime charged); *People v Webb*, 78 NY2d 335 (1991) (failure to sequester the jury); *People v Irizarry*, 83 NY2d 557 (1994) (dual juries, with failure to seal first jury's verdict until second verdict was returned); *People v Buford*, 69 NY2d 290 (1987) (excusal of sworn juror as "grossly unqualified"); *People v Cosmo*, 205 NY 91 (1912) (juror lacked property qualifications required by statute); *People v Hernandez*, 94 NY2d 552 (2000) (trial judge's absence during readback proceedings did not impair the judge's performance of a nondelegable judicial function); *see generally People v Thomas*, 50 NY2d 467 (1980) (noting that, in many instances, constitutional rights are waived if not preserved).

jury did not report its verdict (evidently a complete acquittal) and resumed deliberations the following morning, ultimately convicting defendant of one of the charges. Here, by way of contrast, the court officer did not have the last word; the court did, after it continued to exercise full and proper control of the trial. By airing the problem, the trial court gave defendant an opportunity to object to the court officer's demonstration. The record is devoid of an objection; instead, defendant obviously wanted the case to go to verdict, and was satisfied with a curative instruction. In all, the impropriety was protestable but unprotested, curable and cured.

We find defendant's other contentions without merit. Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed.