[928 NE2d 1025, 902 NYS2d 828]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES KADARKO, Respondent.

Argued February 18, 2010; decided April 6, 2010

## POINTS OF COUNSEL

*Robert T. Johnson, District Attorney,* Bronx (*T. Charles Won, Joseph N. Ferdenzi* and *Allen H. Saperstein* of counsel), for appellant. The Appellate Division erroneously decided that the trial court committed a mode of proceedings error when it informed the parties of the contents of the jury note, save for an inconsequential breakdown of the votes, before it instructed the jury. (*People v Kisoon,* 8 NY3d 129; *People v O'Rama,* 78 NY2d 270; *People v Lykes,* 81 NY2d 767; *People v Starling,* 85 NY2d 509; *People v DeRosario,* 81 NY2d 801; *People v Michael,* 48 NY2d 1; *People v Hawkins,* 11 NY3d 484; *People v Gray,* 86 NY2d 10; *People v Dekle,* 56 NY2d 835; *People v Winkler,* 71 NY2d 592.)

*Office of the Appellate Defender,* New York City (*Alexandra Keeling, Richard M. Greenberg* and *Joseph M. Nursey* of counsel), for respondent. I. This Court should affirm the Appellate Division's decision concluding that the error in this case was indistinguishable from the mode of proceedings errors in *People v Kisoon* (8 NY3d 129 [2007]) and *People v O'Rama* (78 NY2d 270 [1991]), where the trial court refused to show counsel the verbatim contents of a deadlock note, specifically the numerical breakdown of the jury's division. (*People v Kelly,* 5 NY3d 116; *People v Cook,* 85 NY2d 928; *People v Starling,* 85 NY2d 509; *People v Ahmed,* 66 NY2d 307; *People ex rel. Battista v Christian,* 249 NY 314; *People v Patterson,* 39 NY2d 288; *People v McLucas,* 15 NY2d 167; *People v DeRosario,* 81 NY2d 801; *People v Lykes,* 81 NY2d 767; *People v Martinez,* 225 AD2d 474.) II. In the event that this Court reverses the Appellate Division's decision reversing Mr. Kadarko's conviction on the ground that the trial court committed a mode of proceedings error when it failed to inform counsel of the verbatim contents of a jury note, then this Court should remand the case to the Appellate Division to consider the other issues raised in Mr. Kadarko's appellate brief to that court. (*People v Gomez,* 5 NY3d 416; *Matter of*

*Kadeem W.,* 5 NY3d 864; *People v Smith,* 97 NY2d 324; *People v Coonan,* 48 NY2d 772.)

**OPINION OF THE COURT**

PIGOTT, J.

Defendant was indicted and tried for allegedly robbing food deliverymen on five separate occasions. During the course of jury deliberations, the jury sent several notes to the court. At issue on this appeal is the treatment of one of those notes, which stated:

> "Are still divided as follows regarding alleged rob-
> beries on:
> "7/14/04   8 to 4
> "7/26/04   11 to 1
> "7/20/04   10 to 2
> "8/3/04     11 to 1
> "8/9/04     11 to 1."

Upon receiving the note, the trial judge, outside the presence of the jury, explained the note's contents to counsel. Believing it inappropriate for him to show counsel the numerical breakdown of the votes, the judge declined to do so. Instead, he informed counsel that the note gave divisions among the jurors as to each robbery and date and that out of the five there were three different divisions. He further revealed that the numbers did not indicate whether the majority of the jury was voting to convict or acquit.

The judge then provided counsel with an opportunity to be heard. Neither the prosecutor nor defense counsel objected to the court withholding the specific numbers. Instead, defense counsel asked that the judge find the jury "hung" and declare a mistrial—a motion that was denied. The court then informed counsel that he was going to give the jury another *Allen* charge and that he would show counsel the entire note after he had done so. Neither counsel objected.

Following the *Allen* charge and resumption of deliberations by the jury, the judge showed counsel the note with the number divisions. There was no further discussion or objection voiced by either party. The jury ultimately convicted defendant on one count, but remained divided on all of the others, resulting in a mistrial being declared with respect to those counts.

Defendant appealed, arguing, among other things, that the trial judge committed a mode of proceedings error when he failed to inform counsel of the verbatim contents of the jury's

note including the numerical divisions. The Appellate Division, with one Justice dissenting, agreed and reversed defendant's conviction (*People v Kadarko*, 56 AD3d 102, 107-108 [1st Dept 2008]). The dissenting Justice argued that the "slip" of the trial judge, which prompted no objection, could not amount to a mode of proceedings error (*id.* at 108-109 [McGuire, J., dissenting]) and granted the People leave to appeal to this Court (2008 NY Slip Op 91369[U] [2008]). We agree with the dissenting Justice and now reverse.

In *People v O'Rama* (78 NY2d 270 [1991]), we held that CPL 310.30 imposes two distinct duties on a court that receives a note from the jury: first, a duty to notify counsel about the note, and second, a duty to provide a "meaningful response" (*id.* at 276). We defined "meaningful notice" as notice of the actual specific contents of the jurors' note (*id.* at 277). The court's failure to disclose the specific contents of the note, we held, "had the effect of entirely preventing defense counsel from participating meaningfully in [a] critical stage of the trial and thus represented a significant departure from the organization of the court or the mode of proceedings prescribed by law" (*id.* at 277, 279 [internal quotation marks omitted]).

Later, in *People v Starling* (85 NY2d 509 [1995]), we held that when defense counsel is given notice of the contents of a jury note and has knowledge of the substance of the court's intended response, counsel must object to preserve the claim for appellate review.

In *People v Kisoon* (8 NY3d 129 [2007]), where the court failed to read the note aloud and simply responded to the note on its own, we found that failure, as in *O'Rama*, to have deprived counsel of an opportunity to accurately analyze the jury's deliberations and frame intelligent suggestions for the court's response (*id.* at 135). Such a failure, we held, is "inherently prejudicial." (*Id.*)

In the present case, unlike in *O'Rama* and *Kisoon*, the error does not amount to a failure to provide counsel with meaningful notice of the contents of the jury note or an opportunity to respond. Here, the judge informed counsel of the contents of the note and that he was specifically withholding the numbers from counsel until after the jury had retired to resume deliberations. Defense counsel voiced no objection to this procedure either before or after the entire contents of the note were revealed by the judge. Although the court's decision not to read the entire

note until after the jury had resumed deliberations may have been error, it was not a mode of proceedings error and the court later corrected itself, without objection or request for further instruction by either party.

Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for consideration of the facts and issues raised but not determined on the appeal to that court.

Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur; Chief Judge LIPPMAN taking no part.

Order reversed, etc.