[908 NYS2d 667]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN PAUL DONOSO, Appellant.

First Department, October 12, 2010

APPEARANCES OF COUNSEL

*Steven Banks, The Legal Aid Society*, New York City (*Svetlana M. Kornfeind* of counsel), for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Sheila O'Shea* and *Susan Alexrod* of counsel), for respondent.

## OPINION OF THE COURT

RENWICK, J.

Defendant was indicted and convicted of criminal possession of a controlled substance in the fifth degree. The charge stems from his arrest in a dance club in Manhattan after a club employee observed him give a patron a pill of methylenedioxymethamphetamine (a hallucinogenic drug more commonly known as ecstasy). Upon being called by the club management, the police arrested defendant after searching him and recovering a plastic bag containing 16 ecstasy pills. The dispositive issue in this appeal concerns whether and to what extent the trial court's failure to inform counsel of the verbatim content of a jury note during deliberations is subject to the rules of preservation.

At trial, in charging the jury, the court submitted the count of criminal possession of a controlled substance in the fifth degree, and the lesser included offense of criminal possession of a controlled substance in the seventh degree. The court instructed the jury to consider the lesser included count only if the jury found defendant not guilty on the first count. However, during their deliberations, the jurors sent out a written note, which read as follows: "1) No consensus on charge 1 2) We came on a consensus on charge 2. Can we have a con[s]ensus on charge 2 without a con[s]ensus on char[g]e 1? What is our next step?"

Upon receipt of the note, the court advised the parties, "They have a consensus on count two, but no verdict on count one," adding, "They shouldn't have gone to count two." There is no indication in the transcript that the court showed the note to the attorneys or read it aloud to them prior to reconvening the

jury. When the jurors were reconvened, the court advised them: "I'm in receipt of this note, no consensus on charge, that's one. Two, we came to a consensus on charge two. Can we have a consensus on charge two without a consensus on charge one?"

The court responded as follows: "Yes. Although this flies in the face of what I told you, vis-à-vis the second count. That you are to—if you find him not guilty then you go onto count two. But obviously you don't have a verdict on count one."

Next, the court asked, "So what is our next step?" and answered, "The next step is that you resume deliberations on charge one." At that point, the jury left the courtroom and continued to deliberate. Soon thereafter, the jury reached a verdict and found defendant guilty of the greater offense of fifth-degree criminal possession of a controlled substance. At no time did defense counsel object to the procedure employed by the court with respect to this note, or to the court's response thereto.

Two weeks later, during sentencing, defense counsel moved to set aside the verdict on the ground that the trial court's response to the jury note was error. The trial court denied the motion without explanation, other than to say, "I don't know what is in their mind." On appeal, defendant contends that the trial court's response to the jurors' inquiry was a "mode of proceedings" error (see *People v Tabb*, 13 NY3d 852 [2009]) not requiring preservation and warranting reversal. For the reasons explained below, we find there was neither a mode of proceedings error nor a preserved claim.

The governing statute, CPL 310.30, provides:

> "At any time during its deliberation, the jury may request the court for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case. Upon such a request, the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper. With the consent of the parties and upon the request of the jury for further instruction with respect to a statute, the court may also give to the jury copies of the text of any statute which, in its discretion, the court deems proper."

As the Court of Appeals elucidated in *People v O'Rama* (78 NY2d 270, 277 [1991]), the trial court's core responsibility under the statute is both to give meaningful notice to counsel of the specific content of the jurors' request—in order to ensure counsel's opportunity to frame intelligent suggestions for the fairest and least prejudicial response—and to provide a meaningful response to the jury. To those ends, the Court outlined the following procedure (at 277-278) for dealing with jury notes:

> "[W]henever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel. Such a step would ensure a clear and complete record, thereby facilitating adequate and fair appellate review. After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses. . . . [T]he trial court should ordinarily apprise counsel of the substance of the responsive instruction it intends to give so that counsel can seek whatever modifications are deemed appropriate *before* the jury is exposed to the potentially harmful information. Finally, when the jury is returned to the courtroom, the communication should be read in open court so that the individual jurors can correct any inaccuracies in the transcription of the inquiry and, in cases where the communication was sent by an individual juror, the rest of the jury panel can appreciate the purpose of the court's response and the context in which it is being made."

In *O'Rama* and its progeny, the Court of Appeals has made it abundantly clear that it was not the Court's intention "to mandate adherence to a rigid set of procedures, but rather to delineate a set of guidelines calculated to maximize participation by counsel at a time when counsel's input is most meaningful, i.e., before the court gives its formal response" (*id.* at 278; *see also People v Kisoon*, 8 NY3d 129, 134 [2007]). Accordingly, not all departures from the *O'Rama* procedure constitute mode of proceedings errors requiring reversal despite the lack of preservation or prejudice to the defense (*compare People v Starling*, 85 NY2d 509, 516 [1995] and *People v DeRosario*, 81 NY2d 801, 803 [1993], *with Kisoon*, 8 NY3d at 134-135 and *O'Rama*, 78 NY2d at 277-278).

On the one hand, a defendant need not object to the trial court's improper handling of a jury note in order to challenge the court's procedure on appeal if the court's actions had the effect of "preventing defense counsel from participating meaningfully in this critical stage of the trial" (78 NY2d at 279). For example, the jury in *O'Rama*, after three days of deliberations, sent a note to the court, indicating it was deadlocked. In response, the trial court delivered an *Allen* charge (*Allen v United States*, 164 US 492, 501-502 [1896]), but before deliberations could resume, the court received another note from one of the jurors, stating, in pertinent part, "We are split down the middle *HELP* 6/6" (78 NY2d at 275 n 2). The court then called the jury and counsel back to the courtroom, but declined to read the note aloud, instead summarizing that it "indicates that there are continued disagreements among the jurors," but not mentioning that the note contained a breakdown of the vote (*id.* at 275). The court then delivered a second *Allen* charge.

Similarly, in *Kisoon* the trial court kept counsel in the dark with regard to a jury note containing a breakdown of the voting. The note, in pertinent part, stated, "We are 10 guilty to 2 not guilty on all three counts" (8 NY3d at 132). The court, however, simply told counsel that the note indicated the jury was deadlocked and did not mention that the court was paraphrasing the contents of the note. Nor did the court make counsel aware that it was withholding the breakdown of the votes. In both *Kisoon* and *O'Rama*, the Court held that a mode of proceedings error had occurred because, by not telling the parties that the notes contained a breakdown of the votes, the defendants were deprived of an opportunity to consider whether the breakdown of the votes was meaningful, thus preventing them from "fram[ing] intelligent suggestions for the fairest and least prejudicial response" (*Kisoon*, 8 NY3d at 134; *O'Rama*, 78 NY2d at 277).

On the other hand, the Court of Appeals has held that when defense counsel is given notice of the substance of the contents of a jury note and has knowledge of the substance of the court's intended response, counsel must object in order to preserve the claim for appellate review (*Starling*, 85 NY2d at 516; *see e.g. People v Snider*, 49 AD3d 459 [2008], *lv denied* 11 NY3d 795 [2008]; *People v Campbell*, 48 AD3d 204 [2008], *lv denied* 10 NY3d 860 [2008]; *People v Williams*, 38 AD3d 429, 430-431 [2007], *lv denied* 9 NY3d 965 [2007]).

*People v Starling* (85 NY2d 509 [1995], *supra*) aptly illustrates this point. There, the defendant was on trial for several

narcotics-related offenses. During deliberations, the jury sent out a series of notes. In the first, it asked for the definition of sale, and the court read that note to the parties before responding. In the second, the jury asked for a rereading of one of the charges in the indictment as well as the definition of intent. In the third, the jury again asked for a rereading of the definition of intent. In response to both the second and third notes, the trial judge did not show them to trial counsel in advance but instead reread them to the jury while answering them. The defendant voiced no objection. On appeal, the defendant complained that by this procedure, the court failed to comply with *O'Rama*. In finding the claim unpreserved, the Court of Appeals distinguished the situation from that in *O'Rama,* where—by completely withholding the contents of the note from defense counsel—the trial judge had deprived the defense of the opportunity to participate in formulating the court's response. In *Starling*, on the other hand, the trial court, by rereading the notes to the jury, gave defense counsel notice of the contents of the note, and counsel already had knowledge of the substance of the court's responses from the previous reading of the charges.

The recent Court of Appeals pronouncement in *People v Kadarko* (14 NY3d 426 [2010], *revg* 56 AD3d 102 [2008]) further illustrates the point that an *O'Rama* departure is not a mode of proceedings error when defense counsel is concomitantly given notice of the contents of a jury note and has knowledge of the substance of the court's intended response. In *Kadarko* (14 NY3d at 428), the jury sent out a note reporting it was "divided" and indicating its division on each of five robbery counts (e.g., "7/14/04 8 to 4"). The trial judge informed counsel of the note's general content but did not disclose the numerical breakdowns, believing the jury had erred in revealing them. Neither counsel objected to the judge's withholding the information. After giving an *Allen* charge and sending the jury back to deliberate, the judge decided to show the note to counsel. Neither counsel objected to not having seen it sooner, or sought any corrective action. The jury eventually convicted the defendant of one count.

On appeal, relying on *O'Rama*, a majority of this Court (56 AD3d 102 [2008]) held that the trial judge had in effect committed a mode of proceedings error (*see id.* at 109, 114 [dissenting op]). The Court of Appeals unanimously disagreed (14 NY3d at 429-430): "Although the [trial] court's decision not to read the entire note until after the jury had resumed deliberations may

have been error, it was not a mode of proceedings error." This is because—in contrast to *Kisoon* and *O'Rama*—the trial court in *Kadarko* did not keep the parties in the dark. Rather, the court told counsel that the note contained a numerical breakdown, which it would not disclose. Nor was the error preserved, since the judge informed counsel that the note gave divisions among jurors as to each robbery count and advised counsel that specific breakdown of numbers would be withheld until after the jury resumed deliberations, and counsel did not object to the judge's handling of the note either before or after its contents were revealed.

In the instant case, as in *Starling* and *Kadarko*, the trial court's departure from the *O'Rama* directives deprived defendant of nothing substantive. Although the court did not read the note verbatim, it did apprise defense counsel of the substance of the note (i.e., the jury wanted to know if it could have a consensus on charge two without reaching a consensus on charge one) before responding. In addition, defense counsel was advised what the court's response would have been (i.e., to instruct the jurors to resume deliberations on count one). While the court's failure to read the note verbatim deprived defense counsel of knowledge that the jury had explicitly requested— "What is our next step?"—the failure is an error of no moment for it affected nothing (*see Kadarko*, 56 AD3d at 113 [dissenting op]), and it did not deprive defense counsel of an opportunity for input on how to respond to the note.

Indeed, when the trial court proposed the exact question the jury had asked in the note, it immediately revealed its intention to instruct the jurors to resume deliberations on count one, and counsel raised no objection to the course of action. Under the circumstances, it cannot be said that the trial court prevented defense counsel, as in *Kisoon* and *O'Rama*, from having any input in formulating the court's response to the jury note. Rather, as in *Starling* and *Kadarko*, defense counsel remained silent at a time when he was aware of the court's action dealing with the note. Therefore, this case is not within the *O'Rama* exception to traditional preservation rules.

Accordingly, the judgment of Supreme Court, New York County (Edwin Torres, J.), rendered October 11, 2007, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of two years, should be affirmed.

GONZALEZ, P.J., ANDRIAS, ACOSTA and ABDUS-SALAAM, JJ., concur.

Judgment, Supreme Court, New York County, rendered October 11, 2007, affirmed.