■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PICHARDO, Appellant. [917 NYS2d 764]—

Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered June 4, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant previously was convicted after a jury trial of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and we reversed that judgment of conviction based on a *Bruton* violation (*People v Pichardo*, 34 AD3d 1223 [2006], *lv denied* 8 NY3d 926 [2007]). Defendant now appeals from a judgment convicting him of the same crimes following a second jury trial.

We reject defendant's contention that Supreme Court erred in allowing court personnel to communicate with the jury outside defendant's presence in two instances. The first instance occurred following the opening statements of the People and defense counsel. A court officer informed the court that a juror had asked the court officer whether the court "could give the applicable law prior to the trial beginning." In the presence of the attorneys and defendant, the court stated that it did not intend to do so, but invited comments from the attorneys before informing the jury of its decision. Defense counsel stated that he had no objections to the court's intended response and declined the court's offer to address the court officer to whom the juror had spoken. Even assuming, arguendo, that defendant

was not required to preserve for our review his present challenge to that communication between the court officer and the juror (cf. People v Kadarko, 14 NY3d 426, 429-430 [2010]; People v Starling, 85 NY2d 509, 516 [1995]; People v Donoso, 78 AD3d 129, 133 [2010]), and further assuming, arguendo, that CPL 310.30 applies under such circumstances (cf. People v Hameed, 88 NY2d 232, 239-241 [1996], cert denied 519 US 1065 [1997]), we discern no error in the court's handling of this matter. Although defendant contends that the court officer improperly "spoke" to the juror, nothing in CPL 310.30 requires that the juror's request or the court's response to that request be in writing (see People v O'Rama, 78 NY2d 270, 277-278 [1991]). The court officer did not respond to the juror but, rather, simply informed the court of the juror's request. The court then properly notified defendant of the juror's request and gave defendant and his attorney the requisite opportunity to be heard before responding to the juror's request (see id. at 276-277).

The second instance in which court personnel communicated with the jury outside defendant's presence occurred during jury deliberations, when the jury handed a court officer a written note requesting, inter alia, "interpret notes written in Spanish." The court officer, without notifying the court, told the jury that he "wasn't exactly sure what that meant." The jury then sent out a second note, requesting that two notes attached to the jury's note be translated. The court discussed that request with the attorneys in defendant's presence and indicated that it intended to deny the request. Defendant did not object to the court officer's initial response to the jury or to the court's intended response to the second note. Defendant now contends (hereafter, the O'Rama contention) that reversal is required because neither he nor his attorney was notified of the contents of the first note or was permitted to respond to it before the court officer sought clarification from the jury (see id.). Defendant also contends (hereafter, the Ahmed contention) that reversal is required because the court officer engaged in a judicial function outside defendant's presence (see People v Ahmed, 66 NY2d 307 [1985], rearg denied 67 NY2d 647 [1986]).

Although defendant concedes that he failed to preserve either of those contentions for our review, he nevertheless contends that preservation is not required because the alleged errors implicate the organization of the court or the mode of proceedings prescribed by law. We reject that contention. With respect to defendant's O'Rama contention, we note that, "[i]n O'Rama and its progeny, the Court of Appeals has made it abundantly clear that it was not the Court's intention 'to mandate adher-

ence to a rigid set of procedures, but rather [the Court intended] to delineate a set of guidelines calculated to maximize participation by counsel at a time when counsel's input is most meaningful, i.e., before the court gives its formal response' " (*Donoso*, 78 AD3d at 132, quoting *O'Rama*, 78 NY2d at 278). It is well established that "a defendant need not object to the trial court's improper handling of a jury note in order to challenge the court's procedure on appeal if the court's actions had the effect of 'preventing defense counsel from participating meaningfully in this critical stage of the trial' " (*id.* at 133). "[T]he Court of Appeals has held[, however,] that when defense counsel is given notice of the substance of the contents of a jury note and has knowledge of the substance of the court's intended response, counsel must object in order to preserve the claim for appellate review" (*id.*; *see Kadarko*, 14 NY3d at 429-430; *Starling*, 85 NY2d at 516; *cf. People v Kisoon*, 8 NY3d 129, 135 [2007]). Here, defense counsel was notified of the contents of both notes and was given an opportunity to participate meaningfully before the court gave its formal response to the jury. We thus conclude that defendant was required to preserve the *O'Rama* contention.

We likewise conclude that defendant was required to preserve the *Ahmed* contention for our review. In *People v Kelly* (5 NY3d 116, 118 [2005]), a court officer, without the knowledge of or permission from the court, "agreed to the jury's request that he place the bayonet [in question] in his waistband (as the defendant had worn it) and draw it from its sheath." The jurors then asked whether the bayonet had slid easily out of the sheath, and he replied in the affirmative (*id.*). Defendant and his attorney were subsequently notified of that event, and the court instructed the jury to disregard the demonstration and the court officer's answer to the jury's question (*see id.*). No further objections were made at that time, but the court thereafter denied defendant's motion pursuant to CPL 440.40 based on an *Ahmed* contention (*see id.* at 118-119). Defendant then appealed both from the order denying his CPL article 440 motion and the judgment, and this Court affirmed both the order and judgment (11 AD3d 133 [2004]). Upon granting leave to appeal (3 NY3d 758 [2004]), the Court of Appeals determined that preservation of defendant's contention was required inasmuch as the contention did not raise a "mode of the proceedings error . . . [because] the judge delegated nothing" (*Kelly*, 5 NY3d at 120). Rather, "[t]he very opposite took place. The court officer's demonstration to the jury was unauthorized, and when learning of it, the court took hold of the proceedings and summoned the lawyers to discuss the options" (*id.*). Here, as in *Kelly*, the court

officer acted without delegation from the court; the court informed defendant of the event upon learning of it; and the court gave defendant an opportunity to respond. We thus conclude that, as in *Kelly*, preservation of defendant's *Ahmed* contention is required (*cf. People v Khalek*, 91 NY2d 838 [1997]).

In any event, we conclude that both the *O'Rama* and *Ahmed* contentions are lacking in merit. As the Court of Appeals has recognized, "not every communication with a deliberating jury requires the participation of the court or the presence of the defendant" (*People v Bonaparte*, 78 NY2d 26, 30 [1991]). Here, the communications by the court officer with the jury were merely ministerial communications (*see generally id.* at 30-31), requiring neither defendant's presence (*see e.g. People v Lykes*, 81 NY2d 767, 769 [1993]; *People v Harris*, 76 NY2d 810, 812 [1990]) nor the court's involvement (*see* CPL 310.10; *see e.g. People v Alicea*, 272 AD2d 241 [2000], *lv denied* 95 NY2d 863 [2000]; *People v Hodges*, 173 AD2d 644 [1991], *lv denied* 78 NY2d 1011 [1991]; *cf. People v Torres*, 72 NY2d 1007 [1988]).

Finally, we conclude that the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.