# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**769**

**KA 07-02669**

PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

CALVIN MAYS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), rendered November 29, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts) and robbery in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts each of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]), defendant contends that Supreme Court erred in allowing interaction between the prosecutor and the jurors during deliberations while a video recording was replayed. Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]), however, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that, pursuant to *People v O'Rama* (78 NY2d 270), preservation of defendant's contention is not required. In *O'Rama*, the Court of Appeals "note[d] that the court's error in failing to disclose the contents of [a jury] note had the effect of entirely preventing defense counsel from participating meaningfully in this critical stage of the trial and thus represented a significant departure from the organization of the court or the mode of proceedings prescribed by law" (*id.* at 279 [internal quotation marks omitted]; *see People v Patterson*, 39 NY2d 288, 295, *affd* 432 US 197). Here, there was no significant departure from the organization of the court or the mode of proceedings prescribed by law (*see generally People v Wiggins*, 304 AD2d 322, 323, *lv denied* 100 NY2d 625; *People v Davis*, 260 AD2d 726, 729-730, *lv denied* 93 NY2d 968). As recognized by the Court of Appeals, "not every communication with a deliberating jury requires the participation of the court" (*People v Bonaparte*, 78 NY2d 26, 30),

and a ministerial communication concerning the scope of a request for a readback that is "wholly unrelated to the substantive legal or factual issues of the trial" does not violate *O'Rama* or CPL 310.30 (*People v Harris*, 76 NY2d 810, 812; *see People v Gruyair*, 75 AD3d 401, *lv denied* 15 NY3d 852). Here, the record establishes that the prosecutor's communications with the jury were "merely ministerial" (*People v Pichardo*, 79 AD3d 1649, 1652, *lv denied* 16 NY3d 835). "The [prosecutor] did not attempt to convey any legal instructions to the jury or to instruct [it] as to [its] duties and obligations . . .[, nor did the prosecutor] deliver any instructions to the jury concerning the mode or subject of [its] deliberations" (*Bonaparte*, 78 NY2d at 31). Thus, "[i]n the present case, unlike in *O'Rama* . . ., [any] error does not amount to a failure to provide counsel with meaningful notice of the contents of [a] jury note or an opportunity to respond" (*People v Kadarko*, 14 NY3d 426, 429).

All concur except FAHEY and MARTOCHE, JJ., who dissent and vote to reverse in accordance with the following Memorandum: We respectfully dissent. In our view, Supreme Court improperly delegated control of a critical portion of the proceedings to the prosecutor insofar as it allowed the prosecutor to fashion responses to juror questions and guide the jurors through the playback of video recordings. Consequently, we would reverse the judgment of conviction and grant defendant a new trial on those counts of the indictment of which he was convicted.

In 2007, defendant was tried with respect to a series of charges arising from two incidents of robbery that occurred in Monroe County during October and November of 2006. During deliberations, the jury was returned to the courtroom in response to a jury note. The note was not included in the record on appeal, and the transcript contains no discussion between the prosecutor and defense counsel, in the presence of defendant, concerning a proposed response to the note. Rather, the record reflects that the court determined that the jurors would have to return to the courtroom to review video recordings allegedly made during the robberies.

A playback of the video recordings was arranged, and the prosecutor ran the video playback machine and directly communicated with one juror concerning what the jurors wanted to see on the video recordings. Indeed, the court allowed the prosecutor to engage in a discussion with the jury about that footage. After playing one of the three surveillance videos, the prosecutor asked, "The next one?" and then stated, "There is another." When a juror asked whether it was possible to "freeze it when [the suspects] are together," the prosecutor did not consult with the court but unilaterally replied, "I'll see if I can do that. I may have to start from the beginning to get that for you." The prosecutor further stated, "I'll keep trying for you." Moreover, at one point during her exchange with the jury, the prosecutor asked, "Do you want to see it again?" No objection was made by defense counsel during the playback process.

Initially, we do not agree with the majority that preservation of defendant's contention is required. In our view, the interaction,

which was unaccompanied by any admonition by the court, " 'goes to the general and over-all *procedure* of the trial' " and is a mode of trial proceedings error for which preservation is not required (*People v Hawkins*, 11 NY3d 484, 492 n 2).

"Under CPL 310.30, upon a jury's request for reinstruction or information 'the court must direct that the jury be returned to the courtroom and, after notice to both the [P]eople and counsel for the defendant, and in the presence of the defendant, must give such requested information and instruction as the court deems proper' " (*People v Lykes*, 81 NY2d 767, 769, quoting CPL 310.30).  "[A] court may not delegate the responsibility of communicating with the jury to non-judicial personnel, and generally may not communicate with the jury through a non-judicial intermediary" on matters that are not ministerial in nature, i.e., communications that do not concern information pertaining to the law or the facts of the case (*People v Moyler*, 221 AD2d 943, 943, *lv denied* 87 NY2d 905, *lv dismissed* 87 NY2d 923; *see People v Bonaparte*, 78 NY2d 26, 30; *People v Ahmed*, 66 NY2d 307, *rearg denied* 67 NY2d 647).  "A violation of that rule cannot be waived or consented to by defendant, presents a reviewable question of law even in the absence of objection, and is not amenable to harmless error analysis" (*Moyler*, 221 AD2d at 944; *see Ahmed*, 66 NY2d at 310-311).  Thus, it is reversible error when someone other than the court performs the judicial function of responding to the jury's request for information concerning a matter that is not ministerial in nature (*see People v Khalek*, 91 NY2d 838; *People v Cassell*, 62 AD3d 1021; *People v Flores*, 282 AD2d 688, 689).

In *Ahmed* (66 NY2d at 309-310), the defendant agreed to allow the court's law secretary to respond to notes from the deliberating jury. In determining that reversal was required, the Court of Appeals wrote that "[t]he failure of a judge to retain control of deliberations, because of its impact on the constitutional guarantee of trial by jury, also implicates the organization of the court or mode of proceedings prescribed by law . . ., and such failure represents a question of law for [appellate] review even absent timely objection" (*id.* at 310).  In *Moyler* (221 AD2d at 944), preservation was not required in connection with the defendant's contention that the trial court delegated a judicial function to a court employee (*cf. People v Kelly*, 5 NY3d 116, 120-121; *People v Pichardo*, 79 AD3d 1649, 1651-1652, *lv denied* 16 NY3d 835).  Likewise, here, someone other than the trial court was permitted to converse with the jury concerning trial exhibits, during deliberations and on the record, in the presence of the trial court.

In so concluding, we acknowledge that the Third Department held in *People v Davis* (260 AD2d 726, 729-730, *lv denied* 93 NY2d 968) that allowing the prosecutor to play a videotape for the jury in court and to show the foreperson how to run the VCR during deliberations was a delegation of a ministerial act and did not affect the organization of the court or the mode of proceedings prescribed by law.  Here, however, the prosecutor more than merely operated the video playback machine inasmuch as she conversed with a juror during the playing of the video recordings and gave verbal responses to juror requests to

pause the playback and to replay certain portions of the video recordings.  In addition, as previously noted, she asked jurors questions such as, "Do you want to see it again?"  In other words, the prosecutor's conduct went beyond the playing of the video recordings and thus in our view cannot be considered to be a mere ministerial act.

With respect to the merits, we conclude that the prosecutor's exchange with the jury constitutes reversible error.  CPL 310.10 explicitly requires that the court respond to juror requests for instruction and/or information during deliberations.  The court allowed the prosecutor to fashion responses to juror questions and to guide the jurors through the playback of the video recordings.  In our view, that amounted to "[t]he failure of [the trial] judge to retain control of deliberations" (*Ahmed*, 66 NY2d at 310) and, "by delegating his function, at least in part, to [the prosecutor], the trial judge deprived the defendant of his right to a trial by jury" (*id.* at 312).

This case more clearly requires reversal than *Ahmed* or *Moyler* because those cases involved the delegation of the court's function to a court employee who was neutral to the proceedings.  Here, the delegation of duties was to the prosecutor, an advocate rather than a neutral party.  The subtleties of advocacy are founded upon establishing a positive relationship with jurors, which is precisely why direct contact between attorneys and jurors during deliberations is strictly prohibited.

Entered:  June 17, 2011                      Patricia L. Morgan
                                             Clerk of the Court